UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ROBERT SCOTT,                                       [ECF]

                Plaintiff,           10 Civ. 9538 (PKC)(RLE)

  -against-

WORLDSTARHIPHOP, INC.;
BERKELEY COLLEGE,

                Defendants.
------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BERKELEY COLLEGE'S MOTION TO DISMISS

**KAVANAGH MALONEY & OSNATO LLP**
**415 Madison Avenue**
**New York, NY 10017**
**Attorneys for Defendant Berkeley College**

{00139165;v1}

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **Preliminary Statement** | 1 |
| **Statement of the Allegations** | 1 |
| **Argument** | 6 |
|     A. Plaintiff Has Not Alleged Ownership or Valid Copyright Registration | 7 |
|     B Plaintiff Fails to Allege Facts Showing that Berkeley College is Responsible for Uploading the Video at Issue to the Internet | 10 |
|     B. Berkeley College Is Unrelated to Its Co-Defendant and Cannot be Responsible for Its Alleged Conduct | 11 |
| **Conclusion** | 11 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
　__ U.S. __, 129 S.Ct. 1937 (2009) .................................................................... 6, 7

Bateswar v. Holder,
　372 Fed.Appx. 221 (2d Cir. 2010) ...................................................................... 9

Bell Atl. Corp. v. Twombly,
　550 U.S. 544 (2007) ......................................................................................... 6, 7

Bey v. City of New York,
　No. 99 Civ. 3873, 2010 WL 3910231 (S.D.N.Y. Sept. 21, 2010) ....................... 3

Chambers v. Time Warner, Inc.,
　282 F.3d 147 (2d Cir. 2002) ................................................................................ 3

Community for Creative Non-Violence v. Reid,
　490 U.S. 730 (1989) ............................................................................................ 8

Eiseman v. State,
　70 N.Y.2d 175, 518 N.Y.S.2d 608 (1987) ......................................................... 11

Evans v. New York Botanical Garden,
　No. 02 Civ. 3591, 2002 WL 31002814 (S.D.N.Y. Sept. 4, 2002) ....................... 3

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,
　499 U.S. 340 (1991) ............................................................................................ 8

Ford v. Krusen,
　No. 06-CV-0890, 2009 WL 959534 (N.D.N.Y. April 6, 2009) .......................... 5

Guest v. Hansen,
　603 F.3d 15 (2d Cir. 2010.) ............................................................................... 11

Ipreo Holdings LLC v. Thomson Reuters Corp.,
　No. 09-CV-8099, 2011 WL 855872 (S.D.N.Y March 15, 2011) .................. 7, 10

Jorgensen v. Epic/Sony Records,
　351 F.3d 46 (2d Cir. 2003) .................................................................................. 8

Lessem v. Taylor,
  ___ F.Supp.2d ___, 2011 WL 344104 (S.D.N.Y. Feb. 3, 2011) ................................. 8

Purdie v. City of New York,
  No. 10 Civ. 5802, 2011 WL 1044133 (S.D.N.Y. March 15, 2011) ........................... 7

Royalty Network Inc. v. Dishant.com, LLC,
  638 F.Supp.2d 410 (S.D.N.Y. 2009) ........................................................................ 9

Rydzynski v. North Shore Univ. Hosp.,
  262 A.D.2d 630, 692 N.Y.S.2d 694 (2d Dep't 1999) ............................................. 11

Sirohi v. Lee,
  222 A.D.2d 222, 634 N.Y.S.2d 119 (1st Dep't 1995) ............................................ 11

Smith v. Westchester Co.,
  No. 09-CV-5866, 2011 WL 570141 (S.D.N.Y. Feb. 15, 2011) ................................ 3

Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Trustees of Plumbers
  Local Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday
  Fund, Trade Educ. Fund and 401(K) Savings Plan v. Dan Yant, Inc.,
  No. 06 CV 173, 2007 WL 3036759 (E.D.N.Y. Oct. 16, 2007) ................................. 9

U.S. S.E.C. v. Czarnik,
  No. 10 Civ. 745, 2010 WL 4860678 (S.D.N.Y. Nov. 10, 2010) .............................. 5

**STATUTES, RULES, AND REGULATIONS**

37 CFR §202.3 ....................................................................................................................... 9

17 U.S.C. §201 ....................................................................................................................... 8

17 U.S.C. §411 .................................................................................................................... 8, 9

Fed. R. Civ. P. 8 ..................................................................................................................... 6

Fed. R. Civ. P. 12 ................................................................................................................ 5, 6

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of Defendant Berkeley College's motion pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss Plaintiff Robert Scott's ("Scott") Complaint for failure to state a claim upon which relief can be granted.

Defendant is entitled to dismissal of the Complaint because it fails to allege the essential elements of a claim for copyright violation against Berkeley College. Plaintiff has not alleged facts that support a claim that he is the owner of a registered copyright for the video work at issue. Nor has he alleged facts that would lead to a finding that Berkeley College is in any way responsible for uploading the video at issue to the internet. Finally, Plaintiff makes no allegation that Berkeley College has any relationship with co-Defendant WorldStarHipHop Inc. such that Berkeley College could be in any way responsible for any alleged acts or omissions of the co-Defendant. A copy of the Complaint is attached as Exhibit 1 to the Declaration of David F. Bayne, dated April 18, 2011, submitted herewith ("Bayne Decl.").

## STATEMENT OF THE ALLEGATIONS

Plaintiff, who is acting pro se in this matter, commenced this action on or about December 16, 2010 alleging that Defendants WorldStarHipHop Inc. and Berkeley College have violated the United States Constitution, the Copyright Act of 1976 or the Digital Millennium Copyright Act. Bayne Decl. Ex. 1 ¶II(B).

{00156177;v1}

Plaintiff alleges that the events giving rise to his claim occurred "[o]n the web site located at www.worldstarhiphop.com" some time between November 19, 2010 and December 16, 2010. Bayne Decl. Ex. 1 ¶III(A) and (B).

Plaintiff's sole factual allegations are as follows:

> Facts: WorldStarHipHop Inc. promotes on its website Plaintiff, Robert Scott, audiovisual work, known as Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student, Hitting her with body shots) that was submitted by a member of the Defendant, Berkeley College, without the written consent of the Plaintiff who is the lawful copyright holder in such work. See, United States Copyright Office, Library of Congress Case #1-528638045.
>
> Defendant WorldStarHipHop Inc., promotes and distributes the Plaintiff audiovisual work without any written consent from the Plaintiff and failed to comply with the statutory requirement of the Digital Millennium Copyright Act once the Plaintiff notified the company in writing of his rights in such work.

Bayne Decl. Ex. 1 ¶III(C). Plaintiff alleges entitlement to both injunctive relief and to statutory damages. Ex. 1 ¶IV.

Thus, the sole allegation against Defendant Berkeley College is that an unidentified "member" of the College allegedly uploaded the video to the internet at some unspecified time.

Berkeley College requests that this Court take judicial notice of the records in two related proceedings commenced by Plaintiff Scott against Berkeley College.

The first matter that Defendant requests that the Court judicially notice is the record in a proceeding commenced by Plaintiff before the New York State Human Rights Division ("NYSDHR") alleging that Berkeley College had discriminated against him

2

based on his gender by disciplining him differently than the two female students involved in the fight captured on the video that is the subject of this action. A copy of Plaintiff's Verified Complaint, sworn to November 30, 2010, in the matter captioned <u>Robert Scott v. Berkeley College</u>, NYSDHR Case No. 10145447, Berkeley College's Verified Answer, sworn to December 15, 2010 and the NYSDHR's Determination and Order After Investigation, dated January 19, 2011, dismissing Plaintiff's Complaint against Berkeley College are attached as Exhibits 2 through 4 to the Bayne Declaration.[1]

Scott filed his discrimination complaint in the NYSDHR on or about November 30, 2010. Bayne Decl. Ex. 2. On December 15, 2010, Berkeley College served its Verified Answer denying the allegations of discrimination and averring that the discipline administered to Plaintiff was justified and non-discriminatory based on his violent and aggressive behavior in a Berkeley College classroom. Bayne Decl. Ex. 3. To support its defenses, Berkeley College submitted a copy of the cell phone video, which is the subject of this action, as an exhibit to its answer for consideration by the NYSDHR. Thereafter, the NYSDHR conducted an investigation of Scott's Complaint and determined that Plaintiff Scott admitted that he was the man seen in the video at issue who was assaulting

---

[1] This Court may take judicial notice of the pleadings and decisions in a state administrative proceeding such as that initiated by Plaintiff before the New York State Human Rights Division. <u>Smith v. Westchester Co.</u>, No. 09-CV-5866, 2011 WL 570141, at *3, n.27 (S.D.N.Y. Feb. 15, 2011); <u>Bey v. City of New York</u>, No. 99 Civ. 3873, 2010 WL 3910231, at *4 (S.D.N.Y. Sept. 21, 2010); <u>Evans v. New York Botanical Garden</u>, No. 02 Civ. 3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) (court takes judicial notice of pleadings and the determination of the NYSDHR in dismissing claims on a 12(b)(6) motion). The video at issue in this action was submitted to the NYSDHR as Exhibit A to Berkeley College's Verified Answer. In addition to being part of the record before the NYSDHR, this Court may consider the video on this motion because it is referred to and is an integral part of the Complaint. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002).

3

{00156177;v1}

one of the female students from behind when she was unable to defend herself from his blows. Bayne Decl. Ex. 4.

The NYSDHR stated that:

> The investigation revealed that an altercation occurred in a class taken by complainant [Scott] and two female students. The two female students were the complainants' former girlfriend and his current girlfriend. The two women got into a physical confrontation with one another. <u>The complainant was captured on video punching his former girlfriend while she had her back to him and posed no physical threat.</u> (Emphasis added).
>
> * * * *
>
> The investigation revealed that the respondent [Berkeley College] suspended all the students after the incident occurred. Subsequently, the two women were allowed to return to classes. Following its investigation into the incident, the respondent believed the complainant had an opportunity to break up the altercation between the two women; yet, he chose to jump into the fray. Although both women were mutually engaged with one another, they were defending themselves against each other. The complaint's former girlfriend was hit by him from behind where she was unable to defend herself from him and while she posed no threat to the complainant. <u>After gathering all the evidence, the respondent exercised its discretion and expelled the complainant for his egregious behavior, which he acknowledged.</u>

Bayne Decl. Ex. 4 p.2 (emphasis added).

The second matter that the Defendant requests that the Court judicially notice is a CPLR Article 78 proceeding commenced by Plaintiff in February 2011 in the New York State Supreme Court against the NYSDHR and Berkeley Educational Services of New York, Inc., which is the corporate name of Berkeley College, seeking to vacate the January 19, 2011 Determination and Order After Investigation. A copy of the Notice of

4

Petition and Verified Petition without exhibits of Plaintiff Scott from the Article 78 proceeding is attached as Exhibit 5 to the Bayne Declaration.[2]

Plaintiff admits in his Verified Petition that he is not the author of the video at issue, but that the video was in fact taken by another student in the class, Omar Seymour. He further admits that it was Mr. Seymour who uploaded the video to the internet. Bayne Decl. Ex. 5 ¶11. Specifically, Plaintiff states:

> On November 18, 2010, Petitioner, Robert Scott, along with Ms. Hickman and Ms. Pattillo, were involved in a very unfortunate altercation in which Ms. Hickman was the aggressor, Ms. Pattillo the victim and the Petitioner the aggravator. <u>During the course of the altercation Respondent's, Berkeley Educational Services of New York, Inc., student Mr. Omar Seymour, recorded the altercation on his cell phone</u> that captured the Petitioner picture, portrait, image, and likeness in violation of the Respondent, Berkeley Educational Services of New York, Inc. 2010 student handbook media consent and communication rule <u>and subsequently forwarded the video to third parties for advertising purposes</u> without the written consent of the Petitioner in violation of the Petitioner's right to privacy pursuant to N.Y. Civil Rights Law. §50. See, Exhibit B, Berkeley College 2010 Student Handbook pg. 32 Media Relation Consent & Communications Rule.[1]
>
> [1] Student Omar Seymour [sic] conduct in recording the incident and <u>forwarding said video to third parties</u> for advertising purposes without the written consent of the parties, constituted a violation of N.Y. Civil Rights §50.

Bayne Decl. Ex. 5 ¶11(emphasis added), see also ¶33.

Plaintiff further admits that Berkeley College expelled him as a result of his participation in the incident. Bayne Decl. Ex. 5 ¶26.

---

[2] <u>U.S. S.E.C. v. Czarnik</u>, No. 10 Civ. 745, 2010 WL 4860678 (S.D.N.Y. Nov. 10, 2010) (the court may take judicial notice of "public records and of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action'" (citation omitted)); <u>Ford v. Krusen</u>, No. 06-CV-0890, 2009 WL 959534, at *3, n.2 (N.D.N.Y. April 6, 2009) (using facts found in the record of a prior Article 78 proceeding to supplement the facts alleged in a complaint on a Rule 12(b)(6) motion).

5

## **ARGUMENT**

A plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) when he fails to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure by providing "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The Supreme Court explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions</u>, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

<u>Id.</u> at 555 (citations and internal quotation marks omitted, emphasis added).

The Supreme Court has set forth a two-pronged approach to assessing whether a complaint states a claim upon which relief can be granted. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949. Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id.</u>

The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (quoting Twombly, 550 U.S. at 556-57) (internal citations omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- that the pleader is entitled to relief." Id. at 1950.

Although pro se litigants, such as Plaintiff, are allowed great latitude in their pleadings, the Twombly and Iqbal plausibility standard still applies to a pro se complaint. Purdie v. City of New York, No. 10 Civ. 5802, 2011 WL 1044133, at *2 (S.D.N.Y. March 15, 2011). It is respectfully submitted that Plaintiff's conclusory allegations in his complaint coupled with his own admissions in various pleadings and the findings of the NYSDHR should lead this Court to conclude that Plaintiff has failed to state a claim upon which relief can be granted against Berkeley College.

### A. Plaintiff Has Not Alleged Ownership or Valid Copyright Registration

In order to plead a claim for copyright infringement a "complaint must allege: (1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright." Ipreo Holdings LLC v. Thomson Reuters Corp., No. 09-CV-

7

8099, 2011 WL 855872, at *5 (S.D.N.Y March 15, 2011) (citation and internal quotation omitted).

It is respectfully submitted that the Complaint should be dismissed because it fails to allege that Plaintiff is the owner of a registered copyright for the video in question and fails to provide a valid registration number or other evidence of registration of a copyright for it. 17 U.S.C. §411. Ownership of a valid copyright is an essential element of any copyright claim. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Lessem v. Taylor, ___ F.Supp.2d ___, 2011 WL 344104, at *2 (S.D.N.Y. Feb. 3, 2011) (citing Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003)).

The video itself presents physical evidence that Plaintiff is not the author of the video because he is seen engaged in the fight portrayed on the video. Bayne Decl. Exhibit A to Ex. 3. The NYSDHR, which investigated the incident and reviewed the video at issue, expressly found Plaintiff had admitted to being the man in the video involved in the fight with two female students. Bayne Decl. Ex. 4 p.2. Plaintiff himself subsequently admitted in his sworn Article 78 Petition that another Berkeley College student, Omar Seymour, took the video of the fight on his cell phone. Bayne Decl. Ex. 5 ¶¶11 and note 1 and 33. Hence, it is indisputable that Plaintiff did not create the video, and, therefore, he cannot hold a copyright on it by virtue of being the author of the work. 17 U.S.C. §201(a); Community for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989).

Plaintiff does not allege that he received an assignment of any copyright in the video from Seymour and alleges no facts from which an assignment may be inferred.

8

{00156177;v1}

Indeed, the Complaint does not even allege that Plaintiff is the owner of the copyright in the work at issue. Instead, it simply alleges that he is the "holder" of the copyright. Bayne Decl. Ex. 1 ¶III(C). In the absence of any factual allegation showing that Plaintiff somehow acquired a copyright in the video, Plaintiff lacks standing to assert claims for copyright violation with respect to it.

Nor has Plaintiff plausibly alleged that the "copyright" at issue in this case has been registered with the Unites States Copyright Office as required by 17 U.S.C. §411(a) before an action may be commenced for infringement. No certificate of registration is attached to the Complaint and the number provided by Plaintiff for the alleged copyright ("United States Copyright Office, Library of Congress Case #1-528638045") is not a valid copyright registration number because it does not contain the prefix for the appropriate class of work. See 37 CFR §202.3. A search of the United States Copyright Office's online catalog (http://www.copyright.gov/records/) by Plaintiff's name, the name of the work itself ("Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student, Hitting her with body shots")), or by the number provided by Plaintiff reveals no such registration. Bayne Decl. ¶8.[3]

---

[3] The Court may take judicial notice of information available on government web sites. Bateswar v. Holder, 372 Fed.Appx. 221 (2d Cir. 2010) (taking judicial notice of a U.S. State Department Human Rights Report found at its web site); Royalty Network Inc. v. Dishant.com, LLC, 638 F.Supp.2d 410, 421 n.7 (S.D.N.Y. 2009) (taking judicial notice of corporate filings on the SEC's web site); Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund and 401(K) Savings Plan v. Dan Yant, Inc., No. 06 CV 173, 2007 WL 3036759, at * 9 (E.D.N.Y. Oct. 16, 2007).

9

{00156177;v1}

Thus, given the indisputable fact that Plaintiff is not the author of the video, the absence of any allegation of fact showing ownership of a copyright in the video, the absence of a certificate of registration from the Copyright Office, or any allegation containing a valid registration number, and the evidence on the Copyright Office's web site that the work at issue is not registered with it, the Complaint should be dismissed for failure to allege ownership of the copyright or registration of it.

### B    Plaintiff Fails to Allege Facts Showing that Berkeley College is Responsible for Uploading the Video at Issue to the Internet

Plaintiff's Complaint also fails to allege the acts committed by Defendant that could cause the Court to find that Berkeley College violated anyone's copyright in the video at issue. Ipreo Holdings LLC v. Thomson Reuters Corp., No. 09-CV-8099, 2011 WL 855872, at *5 (Plaintiff must allege: "by what acts during what time the defendant infringed the copyright" (citation and internal quotation omitted)).

The sole allegation against Berkeley College is the conclusory allegation that a "member" of Berkeley College uploaded the video to the internet. Bayne Decl. Ex. 1 ¶III(C). The Complaint fails to identify who the person was who uploaded the video, in what capacity they were allegedly acting when they did so, or when they allegedly uploaded it to the internet. However, in his sworn Article 78 Petition, Scott does identify Berkeley College student Omar Seymour, the person who took the cell phone video, as the person who uploaded the video to the internet by stating that Seymour "forwarded the video to third parties for advertising purposes." Bayne Decl. Ex. 5 ¶11 and n.1. Clearly,

10

{00156177;v1}

Plaintiff is trying to hold Berkeley College accountable for Mr. Seymour's alleged conduct.

Even if Mr. Seymour's alleged transmittal of the video did violate some right of Plaintiff, Berkeley College cannot be held responsible for the conduct of Mr. Seymour. New York law has long held that colleges do not stand *in loco parentis* with respect to the conduct of their students. E.g., Guest v. Hansen, 603 F.3d 15, 21-22 (2d Cir. 2010.); Eiseman v. State, 70 N.Y.2d 175, 190, 518 N.Y.S.2d 608, 615-16 (1987); Rydzynski v. North Shore Univ. Hosp., 262 A.D.2d 630, 692 N.Y.S.2d 694, 695 (2d Dep't 1999); Sirohi v. Lee, 222 A.D.2d 222, 634 N.Y.S.2d 119 (1st Dep't 1995).

Thus, because Plaintiff makes no allegation that any person acting on behalf of Berkeley College uploaded the video to the internet, Defendant Berkeley College cannot be liable for copyright infringement in connection with its upload.

### C. Berkeley College Is Unrelated to Its Co-Defendant and Cannot be Responsible for Its Alleged Conduct

Finally, there is no allegation that Berkeley College is in any way related to, or is in any way responsible for, the alleged conduct of its Co-Defendant WorldStarHipHop Inc. Thus, if for any reason, the Court should find that Plaintiff has stated a claim for relief against Defendant WorldStarHipHop Inc. for its alleged acts or omissions, they may not be imputed to Berkeley College in order to keep it in this case.

## CONCLUSION

It is respectfully submitted that this is a spite suit brought by a disgruntled former student of the College who is clearly seeking to punish the College for expelling him for

11

{00156177;v1}

his violent behavior which is shown in the video in question in this lawsuit. Plaintiff's Complaint alleges no facts under which Berkeley College could plausibly be liable to him for the uploading of the video in question to the internet. Thus, for all the foregoing reasons, it is respectfully submitted that the Complaint be dismissed in its entirety against Defendant Berkeley College.

Dated: New York, N.Y.
April 18, 2011

            Respectfully submitted,

            KAVANAGH MALONEY & OSNATO LLP

            By _____
              David F. Bayne
            Attorneys for Defendant Berkeley College
            415 Madison Avenue
            New York, N.Y. 10017
            Tel.:212-207-8400
            Fax: 212-888-7324