UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------*

ROBERT SCOTT

                              Plaintiff,

-against-


WORLDSTARHIPHIOP, INC.,

BERKELEY COLLEGE,

                            Defendant.

------------------------------------------------------------*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5-24-2011

**AMENDED COMPLAINT**

Case No. 10-CIV-9538

(Hon. Ronald L. Ellis)

## INTRODUCTION

Plaintiff, Robert Scott, appearing pro se, for his Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 15 (a) against Defendant, WorldStarHipHop, Inc., and Defendant, Berkeley College, for violation of the Copyright Act of 1976, the Digital Millennium Copyright Act pursuant to 17 U.S.C. §§101 *et seq.*, N.Y. Civil Rights Law §§50 *et seq.,* title IX of the Education Amendments of 1972 pursuant to 20 U.S.C §§1681 *et seq.* and 34 CFR §§106.1 *et seq.* hereby allege as follows:

## PARTIES

### Plaintiff

1.     Plaintiff, Robert Scott, is the copyright owner in the work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man

Strong Arm's The Student. Hitting Her with Body Shots)" with respect to all of the exclusive rights in the copyrighted work pursuant to 17 U.S.C. §106 and a person protected by Federal Law prohibiting exclusion from participating in, being denied the benefits of, or being subjected to discrimination based on sex under Defendant, Berkeley College, educational program or activity receiving federal financial assistance pursuant to 20 U.S.C. §§1681 *et seq.* and 34 CFR §§106.1 *et seq.* . See, Exhibit A, The Library of Congress, United States Copyright Office, Registration Certification.

Defendants

2.      Defendant, WorldStarHipHop, Inc. is a Nevada Corporation, Entity Number E05179320009-8, with its principal place of business located at 9839 West Bell Road, Sun City, Arizona 85351. Defendant, WorldStarHipHop, Inc., publishes, produces, markets, advertise and distribute hip hop music, rap music, mixtapes, music download sites, videos displaying people engaging in fights, videos displaying people engaging in illegal narcotic use, videos displaying people possessing illegal semiautomatic weapons, videos explaining how woman should give oral sex, animals engaging in sex , videos displaying woman giving men lap dances, etc.

3.      Defendant, WorldStarHipHop, Inc. is a sole corporation ran and operated by Mr. Lee Q. O'Denat, who acts as the entity President, Secretary, Treasurer and Director. Defendant, WorldStarHipHop, Inc., operates and maintains a website at www.worldstarhiphop.com that published the Plaintiff, Robert Scott, work in violation of the Plaintiff, Robert Scott, exclusive rights pursuant to 17 U.S.C. §106 and advertised the Plaintiff, Robert Scott, picture, portrait, image and likeness in violation of Plaintiff,

Robert Scott, individual right to privacy pursuant to N.Y. Civil Right Law §50. See, Exhibit B, Nevada Secretary of State Entity Details Sheet.

4.  Defendant, Berkeley College, is a New York Corporation, with its principal place of business located at 99 Church Street, White Plains, New York 10601. Defendant, Berkeley College, provides educational services within the State of New York and operates as a private college.

5.  Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, and agent Kavanagh Maloney & Osnato LLP, download a copy of the Plaintiff, Robert Scott, work from the Defendant, WorldStarHipHop Inc., website that illegally published the work in violation of the Plaintiff, Robert Scott, exclusive rights pursuant to 17 U.S.C. §106 and in violation of the Plaintiff, Robert Scott, individual right to privacy pursuant to N.Y. Civil Rights Law §50 and reproduced the copyrighted work in copies, distributed the copyrighted work, etc., in violation of the Plaintiff, Robert Scott, exclusive rights pursuant to 17 U.S.C. §106 through its Berkeley College Blackboard network, administrative network and agent Kavanagh Maloney & Osnato LLP administrative network.

6.  Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, is a recipient of financial assistance from the United States Department of Education pursuant to 20 U.S.C. §1681 *et seq.*, and was prohibited by federal law and federal regulation from engaging in discriminatory practices when exercising disciplinary action against the Plaintiff, Robert Scott, when implementing its disciplinary program against the Plaintiff, Robert Scott, for his

involvement within the November 18, 2010, incident. Exhibit C, New York State Secretary of State Detail Sheet.

## JURISDICTION

7.     This Court has subject matter jurisdiction over the Plaintiff, Robert Scott, claims for copyright infringement, sex discrimination and related claims pursuant to 17 U.S.C. §§101, *et seq.,* 20 U.S.C. §1681 *et seq.,* 34 CFR §§106.1 *et seq.,* and 28 U.S.C. §§1331 and 1338(a).

8.     This Court also has personal matter jurisdiction over the Defendant, WorldStar HipHop, Inc., pursuant to New York's Long Arm Statute CPLR §302(a)(1) and 28 U.S.C. §1332 as Defendant, WorldStarHipHop, Inc., has transacted business within the State of New York through its highly interactive website; pursuant to CPLR §302 (a)(2), as Defendant, WorldStarHipHop, Inc., committed a tortuous act within this State; or, in the alternative, pursuant to CPLR §302(a)(3) as Defendant, WorldStarHipHop, Inc., has caused injury to persons or property within the State of New York arising out of an act or omission by the Defendant, WorldStarHipHop, Inc., outside the State of New York.

## VENUE

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) (2) and 1400 (a).

## BACKGROUND

10.    On or about October 20, 2010, Plaintiff, Robert Scott, sought counseling services from the Defendant, Berkeley College, to help him address a conflict that he was having between his ex-girlfriend and his current girlfriend.

11.    On October 29, 2010, Plaintiff, Robert Scott, met with the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life,

who scheduled the Plaintiff, Robert Scott, to meet with the Defendant, Berkeley College, counselor Mr. Adam Rosen, Ph.D, on November 3, 2010, to discuss the situation that the Plaintiff, Robert Scott, was having between his ex-girlfriend and current girlfriend. See, Exhibit D, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, letter to Dr. Hughes.

12.   On November 1, 2010, Plaintiff, Robert Scott, expressed to Defendant, Berkeley College, counselor Mr. Adam Rosen, during their individual counseling session that he needed help from the Defendant, Berkeley College, in addressing the issues that he was having between his ex-girlfriend and current girlfriend. Defendant, Berkeley College, counselor Mr. Adam Rosen, scheduled the Plaintiff, Robert Scott, for another counseling session. See, Exhibit E, E-Mail Correspondence to Mr. Adam Rosen.

13.   On November 12, 2010, Plaintiff, Robert Scott, sought via e-mail to re-schedule the counseling session with Defendant, Berkeley College, Mr. Adam Rosen, because Plaintiff, Robert Scott, had a job interview. Defendant, Berkeley College, Mr. Adam Rosen, subsequently requested that the Plaintiff, Robert Scott, provide him with a reschedule date for the following week that started on November 15, 2010, and ended on November 19, 2010. See, Exhibit E, Counseling Session Re-Schedule E-Mail.

14.   On November 18, 2010, Plaintiff, Robert Scott, along with his ex-girlfriend and current girlfriend of the Defendant, Berkeley College, were involved in a very unfortunate altercation. During the course of the altercation the Defendant, Berkeley College, student Mr. Omar Seymour, recorded the incident on his mobile phone and subsequently thereafter published the work pursuant to 17 U.S.C. §101 by distributing copies of the work to a group of the Defendant, Berkeley College, Jane Doe and John Doe students via

Blackboard Services, etc., for further distribution to the Defendant, WorldStar HipHop, Inc.[1] See, Exhibit F, Audiovisual Work of November 18, 2010, incident.

15.   On said date, subsequent to the incident Plaintiff, Robert Scott, along with the two other students of the Defendant, Berkeley College, that was involved in the very unfortunate altercation, was advised by the Defendant, Berkeley College, Ms. Kristine Rowe, Campus Operating Officer, that all the parties involved within the November 18, 2010, incident were expelled pro tempore (for the time being) until further notice.

16.   On November 19, 2010, Defendant, WorldStar Hip Hop, Inc., begin to further publish the Defendant, Berkeley College, student Mr. Omar Seymour, audiovisual work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student. Hitting Her with Body Shots)" on its website at www.worldstarhiphop.com.[2]

17.   On said date, Plaintiff, Robert Scott, received a phone call from the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, advising the Plaintiff, Robert Scott, that "because of the video that has been produced, it doesn't look good on my part", that neither Plaintiff, Robert Scott, or Plaintiff, Robert Scott, ex-girlfriend and current girlfriend, would be allowed back into Defendant, Berkeley College, until the conclusion of the investigation and that the

---

[1] Defendant, Berkeley College, student Mr. Omar Seymour, who recorded the incident that captured the picture, portrait, image and likeness of the Plaintiff and several other student's of the Defendant, Berkeley College, conduct constituted a violation of the Plaintiff individual right to privacy pursuant to New York Civil Right Law §50 and is currently under judicial review within the New York State Supreme Court In the Matter of Robert Scott v. NYS Division of Human Rights, Berkeley Educational Services of New York, Inc., Index No. 102542/11.

[2] Pursuant to Federal Rules of Civil Procedure Rule 26 the process of discovery should be allowed in this case against the Defendant's to disclose the name, address or telephone number of each individual likely to have discoverable information that is relevant to this cause of action because Defendant, WorldStarHipHop, Inc., advertising of the work that displayed the image, picture, portrait and likeness of the Plaintiff and several other student's without their written consent, constituted a violation of N.Y. Civil Rights Law §50.

Plaintiff, Robert Scott, should send her a written report about the incident that occurred on November 18, 2010.[3]

18. On said date, Plaintiff, Robert Scott, immediately gave Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, a follow up call because her statement in regards to "because of the video that has been produced, it doesn't look good on my part" was arbitrary and capricious because it was taken without regards to all the facts.

19. Prior to the Plaintiff, Robert Scott, relationship with his current girlfriend, Plaintiff, Robert Scott, was in a relationship with his ex-girlfriend. During his relationship with his ex-girlfriend, Plaintiff, Robert Scott, discovered through conversion and observation of his ex-girlfriend body, that his ex-girlfriend suffered from depression and a self mutilation disorder in which she mutilated herself with deadly weapons. This knowledge that Plaintiff, Robert Scott, possessed along with his ex-girlfriend physical assault against his current girlfriend is what gave raise to the Plaintiff, Robert Scott, reasonable believe that it was necessary to defend and protect his current girlfriend, from the physical assault of Plaintiff, Robert Scott, ex-girlfriend because his ex-girlfriend demonstrated to the Plaintiff, Robert Scott, during their brief relationship that she was capable of hurting another.

20. On November 21, 2010, at approximately 11:28 am, Plaintiff, Robert Scott, sent Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student

---

[3] The investigative procedure that was used by the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, wasn't based on predicated procedures by the Defendant, Berkeley College, but on Ms. Anamaria Cobo De Paci, individual judgment and experience. Ms. Anamaria Cobo De Paci, determination to discipline the Plaintiff, Robert Scott, based on her individual judgment and experience excluded Plaintiff, Robert Scott, from participating in, denied the benefits of and subjected the Plaintiff, Robert Scott, to discriminatory practices based on gender under Defendant, Berkeley College, disciplinary program that received federal financial assistance pursuant to 20 U.S.C. §§1681 *et seq.* and 34 CFR §§106.1 *et seq.*

Development and Campus Life, a written report regarding the incident explaining that his conduct was not appropriate, but justified because he reasonably believed that it was necessary to defend and protect his current girlfriend from the physical assault of his ex-girlfriend who had previously demonstrated to the Plaintiff, Robert Scott, that she was dangerous and capable of hurting another during their brief relationship with one another. See, Exhibit G, Plaintiff written report of incident.

21.     On November 26, 2010, Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, subjected the Plaintiff, Robert Scott, to different rules of behavior, sanctions and treatment pursuant to Defendant, Berkeley College, code of conduct then the other female parties involved within the November 18, 2010, incident based on Plaintiff, Robert Scott, sex in violation of 34 CFR §106.31 (b)(1)(2)(3)(4). See, Exhibit H, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus e-mail to Edward Hughes.

22.     Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, provided the female parties involved within the November 18, 2010, incident with the benefits and services of meeting with Defendant, Berkeley College, personal, mediation and authorized both female parties involved within the November 18, 2010, incident, who displayed different levels of disciplinary culpability that constituted a violation of the Defendant, Berkeley College, code of conduct to return to the Defendant, Berkeley College, on November 29, 2010, without sanction; but subjected the Plaintiff, Robert Scott, to different rules of behavior, sanctions and treatment in violation of 34 CFR §106.31 (b)(1)(2)(3)(4). See, Exhibit H,

Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus e-mail to Edward Hughes.

23.   On November 28, 2010, at approximately 10:42 am, Plaintiff, Robert Scott, sent Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, a follow up e-mail to find out when he will be allowed the opportunity to present a defense to Defendant, Berkeley College. Plaintiff, Robert Scott, also expressed that he felt that he was being treated differently than the other parties involved within the November 18, 2010, incident based on his gender, by being deprived of the benefits and services of the Defendant, Berkeley College, in violation of the Berkeley College 2010, Student Handbook, Student Opportunity Policy, Executive Law §296 and federal law 20 U.S.C. §1981 (a). See, Exhibit I, Schedule Counseling e-mail page 3.

24.   On or about said date, at approximately 11:25 am, Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, sent the Plaintiff, Robert Scott, a reply stating that she will be in touch with the Plaintiff, Robert Scott, on Monday, November 29, 2010, when she gets back into the office. See, Exhibit I, Schedule Counseling e-mail page 2.

25.   On November 29, 2010, at approximately 7:50 pm, Plaintiff, Robert Scott, sent the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, a second follow up e-mail because the whole day went by and Defendant, Berkeley College., Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, didn't contact the Plaintiff, Robert Scott, as stated in her

November 28, 2010, 11:25 am, reply e-mail. See, Exhibit I, Schedule Counseling E-Mail page 2.

26. On said date, at approximately 8:21 pm, Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, sent Plaintiff, Robert Scott, a reply stating that the other parties to the November 18, 2010, incident, was receiving different treatment then the Plaintiff, Robert Scott, and asked if the Plaintiff, Robert Scott, will be available to speak at 2: 00 pm, on November 30, 2010. See, Exhibit I, Schedule Counseling E-Mail page 1.

27. On said date, at approximately 8:35 pm, Plaintiff, Robert Scott, sent Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, a reply e-mail confirming that he will be available to speak at 2:00 pm, on November 30, 2010, and expressed his opposition to the different treatment that the other parties to the November 18, 2010, incident was receiving. See, Exhibit I, Schedule Counseling E-Mail page 1.

28. Plaintiff, Robert Scott, egregious behavior demonstrated on November 18, 2010, did not provide the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, with a rational basis subsequent to November 18, 2010, incident, to subject the Plaintiff, Robert Scott, to different rules of behavior, sanctions and treatment in violation of 34 CFR §106.31 (b)(1)(2)(3)(4) then the other parties involved within the November 18, 2010, incident, by depriving him of equal access to the benefits and services of the Defendant, Berkeley College, disciplinary program as the other parties involved within the November 18, 2010, incident.

29.    On said date, at approximately 9:01 pm, Plaintiff, Robert Scott, sought further clarification from the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, as to her rational basis for the difference in treatment Plaintiff, Robert Scott, was receiving from the Defendant, Berkeley College, then the other two parties involved within the November 18, 2010, incident. . See, Exhibit I, Schedule Counseling E-Mail page 1.

30.    On November 30, 2010, at approximately 8:28 am, Plaintiff, Robert Scott, filed an affirmative action complaint with the Defendant, Berkeley College, Ms. Kristin Rowe, Campus Operating Officer, via e-mail, charging Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life, with unlawful discriminatory practices based on gender in violation of Plaintiff, Robert Scott, civil right pursuant to 20 U.S.C. §1681 (a) and the Defendant, Berkeley College, own rule and regulation Student Opportunity Policy. Exhibit J, Affirmative Action Complaint.

31.    Plaintiff, Robert Scott, filing of an affirmative action complaint with the Defendant, Berkeley College, is what compelled Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, to modify its November 26, 2010 determination, not to apply sanctions to the female parties involved within the November 18, 2010, incident, and to apply sanctions to the female parties involved within the November 18, 2010, incident, because Defendant, Berkeley College,  acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, wanted to avoid during the internal investigation process of the Plaintiff, Robert Scott, affirmative action complaint prove that the Plaintiff, Robert Scott, was subjected to different rules of behavior, sanctions and treatment in violation of

34 CFR §106.31 (b)(1)(2)(3)(4) and the Defendant, Berkeley College, own rules and regulations governing student opportunity policy. See, Exhibit K, Defendant, Berkeley College, Verified Answer ¶16; cf, Exhibit H, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus e-mail to Edward Hughes.

32.   On said date, at approximately 2:04 pm Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life,  took retaliatory action against the Plaintiff, Robert Scott, for filing said complaint charging her with discriminatory practices based on gender pursuant to Berkeley College 2010, Student Handbook, Student Opportunity Policy, federal law 20 U.S.C. §1981 (a) and 34 CFR §106.31 (b)(1)(2)(3)(4), by calling the Plaintiff, Robert Scott, and advising him that he was expelled from Defendant, Berkeley College, and that the reason for expulsion will be sent to the Plaintiff, Robert Scott, in the mail without disciplining him on predicated procedures that was fair and reasonable and lent itself to a reasonable determination under New York State Law.

33.   On December 3, 2010, by written agreement pursuant to 17 U.S.C. §201 (b) (1) and 17 U.S.C. §204 (a) Defendant, Berkeley College, student Mr. Omar Seymour, transferred all of the exclusive rights pursuant to 17 U.S.C. §106 to the work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student. Hitting Her with Body Shots) that was being published on the Defendant, WorldStarHipHop, Inc., website to the Plaintiff, Robert Scott. See, Exhibit L, Assignment Agreement for Copyrighted Video.

34. On said date, subsequent to the Plaintiff, Robert Scott, being transferred all of the exclusive rights within the work pursuant to 17 U.S.C §106 Plaintiff, Robert Scott,

received a whim written determination from Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life, as reference in her Monday, November 30, 2010, 2:04 pm, telephone call to the Plaintiff, Robert Scott, which was very ambiguous. In paragraph one, it reference that the Plaintiff, Robert Scott, was dismissed from Defendant, Berkeley College, but in paragraph two it reference that the Plaintiff, Robert Scott, was suspended from Defendant, Berkeley College, without giving a definite  end date for said suspend. See, Exhibit H, Respondent, Berkeley Educational Services of New York, Inc., Ms. Anamaria Cobo de Paci, Dean of Students, New York City, Office of Student Development & Campus Life determination.

35.   On December 4, 2010, Plaintiff, Robert Scott, by way of the exclusive rights transferred to the Plaintiff, Robert Scott, as the Assignee, from the Defendant, Berkeley College, Student Mr. Omar Seymour, as the Assignor, pursuant to the Assignment Agreement for Copyrighted Video, Plaintiff, Robert Scott, secured registration of the copyright in the Work with the United States Copyright Office pursuant to 17 U.S.C. §408 and 17 U.S.C. §504. See, Exhibit B, United States Copyright Office Application for Registration Service Request No. 1-528638045.

36.   On or about said date, Plaintiff, Robert Scott, received confirmation from the United States electronic Copyright Office, that Plaintiff, Robert Scott, adequately registered the Work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots)" pursuant to 17 U.S.C.A §408. See, Exhibit M, E-mails from the United States Electronic Copyright Office.

37.   On or about said date, subsequent to the Plaintiff, Robert Scott, adequately registering the Work with the United States Copyright Office, Plaintiff, Robert Scott, via e-mail notified the Defendant, WorldStarHipHop, Inc., and Defendant, Berkeley College, pursuant to 17 U.S.C.A. §512 that the Plaintiff, Robert Scott, was the copyright holder in the Work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots)" pursuant to 17 U.S.C.A §408 and demanded that the Defendant, WorldStarHipHop, Inc., and Defendant, Berkeley College, cease and desist further infringement of the Plaintiff, Robert Scott, exclusive rights pursuant to 17 U.S.C.A §201 et seq. See, Exhibit N, Notice of Copyright Infringement and Demand to Cease and Desist to WorldStarHipHop, Inc.; Exhibit O, Notice of Copyright Infringement and Demand to Cease and Desist to Berkeley College.

38.   From on or about December 4, 2010, to on or December 16, 2010, Defendant, WorldStarHipHop, Inc., disregarded the statutory requirement of the Digital Millennium Copyright Act and the Plaintiff, Robert Scott, Notice of Copyright Infringement and Demand to Cease and Desist and continued to publish the work on its website at www.worldstarhiphop.com in violation of the Plaintiff, Robert Scott, exclusive rights pursuant to 17 U.S.C.A §106. Plaintiff, Robert Scott, ownership of the work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots)" was distinct from the ownership of the material object in which the work was embodied and being published on the Defendant, WorldStarHipHop, Inc., website at www.worldstarhihop.com pursuant to 17 U.S.C.A. §202.

39.   From on or about December 4, 2010, to on or about December 16, 2010, Defendant,

Berkeley College, acting through its counsel Mr. David F. Bayne, from the law offices of

Kavanagh Maloney & Osnato LLP, downloaded a copy of the Plaintiff, Robert Scott,

work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl

and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body

Shots)" that was being unlawfully published by the Defendant, WorldStarHipHop, Inc.,

on its website at www.worldstarhiphop.com pursuant to 17 U.S.C.A. §501(a) and

distributed the work through its blackboard network and the law offices of Kavanagh

Maloney & Osnato LLP  in violation of the Plaintiff, Robert Scott, exclusive rights

pursuant to 17 U.S.C.A. §106 from the Defendant, WorldStarHipHop, Inc., website that

at said time didn't comply with the statutory requirement of the Digital Millennium

Copyright Act pursuant to 17 U.S.C.A. §511 and attached said work as Exhibit A to its

Verified Answer before the New York Division of Human Rights. Exhibit L, David F.

Bayne, Verified Answer dated December 14, 2010.

40.   Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student

Development & Campus Life, acting through its counsel Mr. David F. Bayne,  from the

law offices of Kavanagh Maloney & Osnato LLP and Defendant, WorldStarHipHop,

Inc., received adequate notice that the Plaintiff, Robert Scott, held all the exclusive rights

pursuant to 17 U.S.C.A. §106 to the work on December 4, 2010, via Notice of Copyright

Infringement and Demand to Cease and Desist and that the advertisement of the Plaintiff,

Robert Scott, along with several other student's of the Defendant, Berkeley College,

picture, portrait, image and likeness on the Defendant, WorldStarHipHop, Inc., website

constituted a violation of Plaintiff, Robert Scott, individual right to privacy pursuant to

N.Y. Civil Rights Law §50 and disregard said statute to subject the Plaintiff, Robert Scott, to discriminatory enforcement of the Defendant, Berkeley College, code of conduct.

41. On December 14, 2010, Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life, acting through its counsel Mr. David F. Bayne, from the law offices of Kavanagh Maloney & Osnato LLP downloaded and attached a copy of the Plaintiff, Robert Scott, work titled "Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student. Hitting Her with Body Shots)" from the Defendant, WorldStarHipHop, Inc., website as Exhibit A to its verified answer before the New York State Division of Human Rights to demonstrate that Defendant, Berkeley College, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life, had a legitimate, nondiscriminatory reason for how it treated the Plaintiff, Robert Scott. See, Exhibit K, David F. Bayne, Verified Answer dated December 14, 2010; Exhibit P, New York State Division of Human Rights Decision.

## **FIRST CAUSE OF ACTION**

(Violation of Right to Privacy pursuant to N.Y. Civil Rights Law)

42. Plaintiff, Robert Scott, repeats and re-alleges the allegations of paragraph 10 through 41 as if set forth fully herein.

43. From on or about November 19, 2010, to on or about December 16, 2010, Defendant, WorldStarHipHop, Inc., begin to use for advertising purposes, or for the purpose of trade without the written consent of the Plaintiff, Robert Scott, and several other students of the Defendant, Berkeley College, the portrait, picture, image and likeness of the Plaintiff,

Robert Scott, and several other students of the Defendant, Berkeley College, in violation of the N.Y. Civil Rights Law §50.

44.     By reason of the premises, Plaintiff, Robert Scott, has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the Plaintiff, Robert Scott, has been greatly injured in his reputation and Plaintiff, Robert Scott, has been greatly injured; and Defendant, Worldstarhiphop, Inc., acting through its employee, Mr. Lee Q. O'Denat, President, Secretary, Treasurer and Director, has been unjustly enriched by unlawful use of the Plaintiff's Robert Scott, portrait, picture, image and likeness and reputation as a person. By reason of the foregoing the Plaintiff, Robert Scott, has been damaged and is entitled to recover from the Defendant, Worldstarhiphop, Inc., pursuant to N.Y. Civil Rights Law §51 the sum of ($20,000.00) Dollars and a temporary and permanent injunction.

## SECOND CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

45.    Plaintiff, Robert Scott, repeats and re-alleges the allegations of paragraph 10 through 41 as if set forth fully herein.

46.    In general, the student-private college relationship between the Plaintiff, Robert Scott, and the Defendant, Berkeley College, is contractual and that it is an implied term of the contract that the rules and regulations adopted by the Defendant, Berkeley College, will be adhere to by the Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus.

47.   Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, knew or should have known, that the failure to exercise due care in performance of enforcing the Defendant, Berkeley College, Code of Conduct, Communication and Media Relations Policies against the Defendant, Berkeley College, student Mr. Omar Seymour, who record the portrait, picture, image and likeness of the Plaintiff, Robert Scott, in violation of his individual right to privacy pursuant to N.Y. Civil Rights Law §50 would cause the Plaintiff, Robert Scott, severe emotional distress.

48.   Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, omission to enforce the Defendant, Berkeley College, Code of Conduct, Communication and Media Relation Policies against the Defendant, Berkeley College, student Mr. Omar Seymour, who conduct constituted a violation of the Plaintiff, Robert Scott and several other students of the Defendant, Berkeley College, right to privacy pursuant to N.Y. Civil Rights Law §50 constituted a breach of contract.

49.   As a proximate result of Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, omission to enforce the Defendant, Berkeley College, Code of Conduct, Communication and Media Relation Policies against the Defendant, Berkeley College, student Mr. Omar Seymour, on November 18, 2010, subsequent to the incident, allowed for the Plaintiff, Robert Scott, to be represented in a false light to the public by the Defendant, Worldstarhiphop, Inc., through its website www.worldstarhiphop.com.

50.  As a proximate result of Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, omission to enforce the Defendant, Berkeley College, Code of Conduct, Communication and Media Relation Policies against the Defendant, Berkeley College, student Mr. Omar Seymour, on November 18, 2010, subsequent to the incident, and the consequences proximately caused by it, as herein above alleged, Plaintiff, Robert Scott, suffered severe emotional distress and mental suffering.

## THIRD CAUSE OF ACTION

(Sex Discrimination in violation of 20 U.S.C §1681)

51.  Plaintiff, Robert Scott, repeats and re-alleges the allegations of paragraph 10 through 41 as if set forth fully herein.

52.  Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, provided the female parties involved within the November 18, 2010, incident with the benefits and services of meeting with the Defendant, Berkeley College, personal, mediation and authorized both female parties involved within the November 18, 2010, incident, who displayed different levels of disciplinary culpability that constituted a violation of the Defendant, Berkeley College, code of conduct to return to the Defendant, Berkeley College, on November 29, 2010, without sanction; but subjected the Plaintiff, Robert Scott, to different rules of behavior, sanctions and treatment in violation of 34 CFR §106.31 (b)(1)(2)(3)(4).

53.  As a proximate result of Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, Plaintiff, Robert Scott, was deprived of the benefits and services of the Defendant, Berkeley College,

disciplinary program based on his gender and the consequences proximately caused by it, as herein above alleged, Plaintiff, Robert Scott, suffered discrimination based on his sex in violation of 20 U.S.C §1681.

## FOURTH CAUSE OF ACTION

(Retaliation for filing a sex discrimination complaint in violation of 20 U.S.C §1681)

54.   Plaintiff, Robert Scott, repeats and re-alleges the allegations of paragraph 10 through 41 as if set forth fully herein.

55.   As a proximate result of Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, Plaintiff, Robert Scott, was subjected to retaliatory action for filing an affirmative action complaint with the Defendant, Berkeley College, Ms. Kristine Rowe, Campus Operating Officer, and the consequences proximately caused by it, as herein above alleged, Plaintiff, Robert Scott, suffered intentional sex discrimination because Plaintiff, Robert Scott, was subjected to differential treatment, and the discrimination is on the basis of sex because it is an intentional response to the nature of the affirmative action complaint, namely, the allegation of sex discrimination in enforcing the Defendant, Berkeley College, Code of Conduct.

## FIFTH CAUSE OF ACTION

(Copyright Infringement in violation of 17 U.S.C. §101 et seq.)

56.   Plaintiff, Robert Scott, repeats and re-alleges the allegations of paragraph 10 through 41 as if set forth fully herein.

57. As a proximate result of Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus, and Defendant, Worldstarhiphop, Inc., acting through its employee, Mr. Lee Q. O'Denat, President, Secretary, Treasurer and Director, Plaintiff, Robert Scott, was deprived of his exclusive rights within the work pursuant to 17 U.S.C §106 and the consequences proximately caused by it, as herein above alleged, Plaintiff, Robert Scott, suffered infringement of copyright pursuant to 17 U.S.C §501 et seq.

## CONCLUSION

WHEREFORE, Plaintiff, Robert Scott, respectfully request that judgment be entered pursuant to 17 U.S.C. §§101 *et seq.*, N.Y. Civil Rights Law §§50 *et seq.,* title IX of the Education Amendments of 1972 pursuant to 20 U.S.C §§1681 *et seq.* and 34 CFR §§106.1 *et seq.*:

a) GRANTING Plaintiff a temporary and final injunction against the Defendants pursuant to 17 U.S.C. § 502;

b) GRANTING Plaintiff statutory damages in the sum of $30,000.00 against the Defendants pursuant to 17 U.S.C. §504;

c) GRANTING Plaintiff damages in the sum of $400,000.00 against Defendant, Berkeley College, for violation of Title IX of the Education Amendments of 1972 preventing sex discrimination and retaliation pursuant to 20 U.S.C. §§1681 *et seq.*

d) GRANTING such other and further relief as the Court may deem just and proper.

_____

Robert Scott
Plaintiff, Pro se

CINDY ESTRADA
Notary Public, State of New York
No. 01ES6085043
Qualified in Bronx County
Commission Expires December 16, 2014

# VERIFICATION OF PETITION

STATE OF NEW YORK )

COUNY OF NEW YORK) ss.:

Robert Scott, being duly sworn, deposes and says that deponent is the petitioner the above-encaptioned proceeding, that he has read the foregoing petition and knows the contents thereof, that same is true to deponent's own knowledge, except as to matters therein stated upon information and belief, which matters deponent believes to be true.

_Robert Scott_

Robert Scott

Sworn to before me this

_9_ day of May, 2011

_Cindy Estrada_

NOTARY PUBLIC

**CINDY ESTRADA**
Notary Public, State of New York
No. 01ES6085043
Qualified in Bronx County
Commission Expires December 16, 2014
May 2 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SCOTT
_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

WORLDSTARHIPHOP, INC
BERKELEY COLLEGE
_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

10 Civ. 9538 ( )

**AFFIRMATION OF SERVICE**

I, _Robert Scott_ , declare under penalty of perjury that I have
       *(name)*

served a copy of the attached _Summons, IFP order, Amended comp._
                              *(document you are serving)*

upon _David F. Bayne_ whose address is _415 Madison_
     *(name of person served)*

_AVE. 18 Floor, NY, NY 10017_
                *(where you served document)*

by _ordinary first class Mail_
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: _NY, NY_ , _NY_
       *(town/city)*   *(state)*

_May_ _9_ , 20_11_
*(month)* *(day)* *(year)*

_Robert Scott_
*Signature*

_127 East 117 St, Apt. 3E_
*Address*

_New York, NY_
*City, State*

_10035_
*Zip Code*

_(646) 217-1765_
*Telephone Number*

*Rev. 05/2010*

x _Robert Scott_      5/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SCOTT

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

WORLD STAR HIP HOP, INC
BERKELEY COLLEGE

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

10 Civ. 9538 ( ) ( )

**AFFIRMATION OF SERVICE**

I, Robert Scott _____, declare under penalty of perjury that I have
                  *(name)*

served a copy of the attached Summons, FFA, Amended Comp.
                                *(document you are serving)*

upon Spiegel & Utrera P.A _____ whose address is 1785
      *(name of person served)*

East Sahara Ave, Ste 490, Las Vegas, NV 89104
                    *(where you served document)*

by Ordinary First Class Mail
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: NY, NY ____, NY
        *(town/city)*   *(state)*

May ____ 9 , 2011
*(month)*   *(day)*  *(year)*

Signature *(Robert Scott)*

127 E 117 St, Apt. 3E
Address

New York, NY
City, State

10035
Zip Code

(646) 217-1765
Telephone Number

Rev. 05/2010

O 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Robert Scott
*Plaintiff*

Civil Action No.: **10-CV-9538**
**JUDGE CASTEL (PKC)**

v

WorldStarHipHop Inc;
Berkeley College.
*Defendant*

## SUMMONS IN A CIVIL ACTION

To:  (*Defendant's name and address*)

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or *(3)* you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff(s) attorney, whose name and address are:

**PRO SE ROBERT SCOTT**
**127 E 117T STREET APT. 3E**
**NEW YORK, NY 10035**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J KRAJICK
*CLERK OF COURT*

Date:  February 14th, 2011

*V. Jones*

*Signature of Clerk or Deputy Clerk*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# 3
DATE FILED: December 29, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

Robert Scott,
:

                        Plaintiff(s),     :      **ORDER**

        -against-                          :      <u>10</u>  Civ. <u>9538</u>  ( UA )

WorldStarHipHop Inc.;
:
Berkeley College,
                        Defendant(s).     :
-------------------------------------------------------x

Leave to proceed in this Court without payment of fees is authorized.  28 U.S.C. § 1915.

SO ORDERED.

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Chief Judge

Dated: December  29, 2010
        New York, New York

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## PA 1-727-922

**Effective date of
registration:**

December 4, 2010

---

## Title

**Title of Work:** Disgraceful: College fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots)

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** November 19, 2010       **Nation of 1st Publication:** United States

## Author

■      **Author:** Omar Seymour

**Author Created:** production/producer

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1980

## Copyright claimant

**Copyright Claimant:** Robert Scott

127 east 117 St., 3E, New York, NY, 10035, United States

**Transfer Statement:** By written agreement

## Rights and Permissions

**Name:** Robert Scott

**Email:** robertscott117@live.com          **Telephone:** 646-217-1765

**Address:** 127 East 117 Street, #3E

New York, NY 10035  United States

## Certification

**Name:** Robert Scott

**Date:** December 4, 2010

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# WORLDSTAR HIP HOP, INC.

| | | |
|---|---|---|
| Default | | 9/28/2009 |
| Domestic Corporation | | E0517932009-8 |
| NV | | 9/30/2010 |
| NV20091232265 | | |

| | | |
|---|---|---|
| SPIEGEL & UTRERA P.A. | | 1785 EAST SAHARA AVE |
| STE 490 | | LAS VEGAS |
| NV | | 89104 |
| Noncommercial Registered Agent | | |

| | | |
|---|---|---|
| 0 | | $ 40,000.00 |
| 40,000,000.00 | | $ 0.001 |

**President - LEE Q ODENAT**

| | | |
|---|---|---|
| | 9839 WEST BELL RD | |
| | SUN CITY | AZ |
| | 85351 | |
| | Active | |

**Secretary - LEE Q ODENAT**

| | | |
|---|---|---|
| | 9839 WEST BELL RD | |
| | SUN CITY | AZ |
| | 85351 | |
| | Active | |

**Treasurer - LEE Q ODENAT**

| | | |
|---|---|---|
| | 9839 WEST BELL RD | |
| | SUN CITY | AZ |
| | 85351 | |
| | Active | |

**Director - LEE Q ODENAT**

| | | |
|---|---|---|
| | 9839 WEST BELL RD | |
| | SUN CITY | AZ |
| | 85351 | |
| | Active | |

| Articles of Incorporation | | |
|---|---|---|
| 20090705780-78 | | 7 |
| 9/28/2009 | | |
| Initial Stock Value: Par Value Shares: 40,000,000 Value: $ 0.001 No Par Value Shares: 0 ------------------------- Total Authorized Capital: $ 40,000.00 | | |
| Initial List | | |
| 20090789060-21 | | 1 |
| 11/02/2009 | | |
| (No notes for this action) | | |

# EXHIBIT C

# EXHIBIT C

# EXHIBIT C

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through April 20, 2011.

Selected Entity Name: BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC.

Selected Entity Status Information

**Current Entity Name:** BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC.
**Initial DOS Filing Date:** JULY 14, 1975
**County:** WESTCHESTER
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC.
ATTN: PRESIDENT
BERKELEY COLLEGE, 99 CHURCH ST
WHITE PLAINS, NEW YORK, 10601

**Chairman or Chief Executive Officer**
RANDY B LUING
64 E MIDLAND AVE
PARAMUS, NEW JERSEY, 07652

**Principal Executive Office**
BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC.
ATTN: RANDY B LUING
BERKELEY COLLEGE, 99 CHURCH ST
WHITE PLAINS, NEW YORK, 10601

**Registered Agent**
NONE

Entry Information

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

**# of Shares  Type of Stock  $ Value per Share**

10000        No Par Value

*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| APR 03, 1991 | Actual | BERKELEY EDUCATIONAL SERVICES OF NEW YORK, INC. |
| APR 09, 1987 | Actual | BERKELEY SCHOOL OF WESTCHESTER, INC. |
| DEC 30, 1986 | Actual | THE BERKELEY SCHOOLS, INC. |
| AUG 13, 1975 | Actual | BERKELEY SCHOOL OF WESTCHESTER, INC. |
| JUL 14, 1975 | Actual | BRKL INSTITUTE OF WESTCHESTER, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# EXHIBIT D

# EXHIBIT D

# EXHIBIT D

Dr. Hughes,

Prior to the 11/18 student incident please note Mr. Robert Scott was referred to me by Dean Erin Selby. Per this request I set up a meeting with Mr. Scott on 10/29/10. At this time I referred Mr. Scott to Dr. Rosen who set up a meeting with him for 11/3/10. Mr. Scott met with Dr. Rosen on 11/1. Afterwards Mr. Scott set up another meeting with Dr. Rosen for 11/9/10. Dr. Rosen informed me that Mr. Scott did not show up for the 11/9 meeting. On 10/28/10 Ms. Rowe referred me to Ms. Pattillo. I called Ms. Pattillo for a meeting on 11/4/10. Ms. Pattillo did not show up for her 11/4 (5:30 p.m.) meeting with me. I called Ms. Patillo, but she did not return my call. Dr. Rosen also called Mr. Scott, but he did not return his call.

According to Ms. Rowe's email on 11/18 there was a physical altercation between two female students and one male student during a class taught by Ms. Watson (Lexis/Westlaw research). Ms. Rowe was contacted at about 6:07 p.m. and informed that the 3 students, security guard and two police officers were meeting in the unoccupied space on the street level at 41st treet building. The three students involved in the altercation are Robert Scott -01088059, Danielle Patillo -01022782, Lekesia Hickmon -01081249. At this time, Ms. Rowe informed the students that they were not allowed back in the building until they were contacted by a college official.

On 11/18 I received a phone call from Dr. Hughes regarding the incident. At this time I contacted Jerrell Robinson, Victoria Gray and Nicole Luthman who were the three point persons for the SDCL offices ( 41st and 43rd St.) on call in my absence. All three staff members were covering the SDCL office from 9:00am-7:15pm on 11/18. During this period, a phone call was not placed to the SDCL office or to the three staff members on call. These three staff members and myself were unaware of this incident until Dr. Hughes called me at 6:50 p.m. on 11/18.

On 11/19 Dean Anamaria Cobo de Paci contacted the following people:

- Michael Iris regarding the 11/18 student incident video
- Spoke to faculty member Marisiol Abuin who connected her with Professor Charlotte Watson who taught the Lexis/Westlaw research class. All three students involved in the altercation attended Ms. Watson's class. **Please find Charlotte Watson's - ctw@berkeleycollege.edu report below**
- Spoke to Mr. Troy Scott, SGA President, who confirmed Mr. Omar Seymour as the student who video taped the 11/18 student incident
- Dr. Hughes, Michael Iris and IS were informed of Mr. Seymour as the student who video taped and posted the information on the worldstathiphop.com site. In addition, asked Michael Iris and IS to make a copy of the on site video before it was taken down. At this point, Mr. Iris had already contacted YOUTUBE and WorldStarHipHop.com
- I contacted student Omar Seymour twice and left messages on his cell phone.

# EXHIBIT E

# EXHIBIT E

# EXHIBIT E

$\mathcal{E}$

**Robert Scott**

| | |
|---|---|
| **From:** | Robert Scott [robert.scott117@gmail.com] |
| **Sent:** | Monday, January 03, 2011 1:19 PM |
| **To:** | robertscott117@live.com |
| **Subject:** | Fwd: Counseling Meeting for 11/12/10 |

Sent from my iPhone

Begin forwarded message:

> **From:** Adam Rosen <amr@Berkeleycollege.edu>
> **Date:** November 12, 2010 11:25:36 AM EST
> **To:** robert.scott117@gmail.com
> **Subject: Re: Counseling Meeting for 11/12/10**
>
> Hi Robert:
>
> When you get a moment send me an email with some days and times next week that you are available to meet... and since my schedule is filling up please provide me with as many options as possible.  Thanks and have a good weekend.
>
> Regards,
> Adam Rosen, Psy.D.
>
> -----Robert Scott <robert.scott117@gmail.com> wrote: -----
> To: "amr@berkeleycollege.edu" <amr@berkeleycollege.edu>
> From: Robert Scott <robert.scott117@gmail.com>
> Date: 11/12/2010 09:16AM
> Subject: Counseling Meeting for 11/12/10
>
> Mr. Rosen:
>
> I have to go downtown for a interview today, so I would not be able to make our schedule meeting today. I would like to reschedule that meeting for sometime next week.
> Sincerely,
> Robert Scott, Student ID 1088059
>
> Sent from my iPhone

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

# EXHIBIT G

# EXHIBIT G

# EXHIBIT G

Lakesha Hickmon physically assaulted me by hitting me in my face.  The physical assault continued until my boyfriend (Robert Scott) separated us and stopped the assault.

Prior to this I was to attend a meditation in regards to this matter before it escalated this far. I could not attend the meeting with (Daen, AnamariaCobo De Paci).  I was planning to set up another meeting with her to go for help.  I was trying to get support for this issue that I was currently facing with my boyfriend. This situation could have been prevented if when we reached out for help sooner.

---

**Robert Scott's email:**

Anamaria Cobo De Paci, Dean, Student Development & Campus Life

From:  R. Scott, Student ID No. 1088059

Date:  November 20, 2010

Subj:  Thursday, November 18, 2010, Incident within SCI 220

---

On Thursday, November 18, 2010, I approached Lakesha Hickmon, in a calm and respectable manner and tried to resolve a situation that occurred between her and my girlfriend Danielle Pattillo. Ms. Hickmon became enraged and started to use profanity towards me; at which time I remained calm and returned to my seat; Ms. Hickmon then turned her anger and hostility toward my girlfriend Ms. Pattillo and continued her outburst. Ms. Pattillo tried to leave the class and was physically assaulted by Ms. Hickmon. Ms. Hickmon and Ms. Pattillo began to engage in a physical altercation at which time I tried to break up because I reasonably believed that it was necessary to defend and protect my girlfriend Ms. Pattillo from the physical assault by Ms. Hickmon as the crowd jeered and encouraged such violence.

Prior to this unfortunate incident that took place, I spoke to you about setting up a meeting between me and Ms. Pattillo in regards to several other personal issues between us. You directed me to Mr. Adam Rosen, who I only spoken to once one-on-one about this matter.

Sincerely,

Robert Scott

# EXHIBIT H

# EXHIBIT H

# EXHIBIT H



Draft of Student Incident Report
Anamaria Cobo de Paci
to:
Edwin Hughes
11/26/2010 05:58 PM
Bcc:
Anamaria Cobo de Paci
Show Details

1 Attachment



Dear_Anna_Marie[1].docx

Dear Ed,  Victoria and I met with the two ladies who had the altercation in class on 11/18.

Both ladies felt they put themselves in a very vulnerable situation due to a controlling man who kept manipulating them.

Prior to the 11/18 incident these two ladies never had a fight or words exchanged between them.

Both ladies agreed to see a counselor and sit down to discuss the issue with a mediator.

I would like to arrange a time on Monday to meet with both ladies.   I will ask Victoria or Laura to join me.

I am still waiting for professor Watson to forward me a detail email regarding the incident.

After speaking to four witnesses including maintenance staff. I strongly recommend that both women return to campus on Monday 11/29.

Ms. Pattillo, was a victum of self defense after Ms. Hickmon hit her first.   The reason Ms. Hickmon hit Ms. Pattillo was because Mr. Scott included Ms. Patillo comments into the conversation and the verbage was offensive.

This information really hurt Ms. Hickmon and she lashed out at Ms. Pattilo.

Again the situation was elevated by Mr. Scott.  Mr. Scott could have prevented the situation from moving forward.

Instead of separating the two young ladies, he began beating up Ms. Hickmon and throwing her on the floor.

I do not recommend that Mr. Scott return to Berkeley College due to his public disorderly conduct and harassment againt Ms. Hickmon.

I will forward you a more detail report this weekend.

Thank you.

Anamaria
Anamaria Cobo de Paci
Dean of Student Development and Campus Life

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

**Robert Scott**

| | |
|---|---|
| **From:** | robert scott [robertscott117@live.com] |
| **Sent:** | Monday, November 29, 2010 9:01 PM |
| **To:** | 'acd@berkeleycollege.edu' |
| **Subject:** | FW: Schedule Counseling |

Anamaria,

When you contacted me on November 19, 2010, you told me that because of the video that has been produced, it doesn't look good on my part, that none of us can come back to school until the investigation is over and that I should send you a report. I called you back to seek clearly to your statement in regards to " it doesn't look good on my part" because that statement seemed arbitrary.
Now you are advising me that all cases are treated on an individual basis and you have allowed the two other individuals involved within the incident back in school prior to the conclusion of my investigation. According to the Berkeley College Student Handbook, all students most get equal access to the same services without regard to gender.

Sincerely,

Robert Scott

**From:** robert scott [mailto:robertscott117@live.com]
**Sent:** Monday, November 29, 2010 8:35 PM
**To:** 'acd@berkeleycollege.edu'
**Subject:** FW: Schedule Counseling

Anamaria,

I will be available tomorrow at 2pm to discuss this matter with you, But I am a little bit confused as to how this matter is being handled against me. I clearly understand that each individual involved in the incident is treated as a separate case. What is not clear to me is the different treatment given to each individual based on gender.

Sincerely,

Robert Scott

**From:** Anamaria Cobo de Paci [mailto:acd@Berkeleycollege.edu]
**Sent:** Monday, November 29, 2010 8:21 PM
**To:** robert scott
**Subject:** Re: Schedule Counseling

Robert,
Both Ladies, are still in discussion with me. Please let me know if you are available tomorrow to speak at 2pm. I will call you in the morning to verify the time to speak.

Each individual involved in the incident is treated as a seperate case.

Thank you.

Anamaria
Anamaria Cobo de Paci
Dean of Student Development and Campus Life

1

Berkeley College
Acd@berkeleycollege.edu
212-986-4343. Ext; 4211

---

**From:** robert scott [robertscott117@live.com]
**Sent:** 11/29/2010 07:50 PM EST
**To:** Anamaria Cobo de Paci
**Subject:** FW: Schedule Counseling

Ms. De Paci:

I waited all day to hear from you regarding scheduling a counseling meeting about the events that accorded between me, Danielle Pattillo and Lakesha Hickmon.  It has been brought to my understanding that Danielle Pattillo along with Lakesha Hickmon has been allowed back in school.
What is going on right now, I am so depress over this matter and I need to talk to someone!

Sincerely,

Robert Scott

**From:** Robert Scott [mailto:robert.scott117@gmail.com]
**Sent:** Monday, November 29, 2010 7:32 PM
**To:** robertscott117@live.com
**Subject:** Fwd: Schedule Counseling


Sent from my iPhone

Begin forwarded message:

> **From:** Anamaria Cobo de Paci <acd@Berkeleycollege.edu>
> **Date:** November 28, 2010 11:25:04 AM EST
> **To:** robert.scott117@gmail.com
> **Subject: Re: Schedule Counseling**
>
> Mr. Scott,
>
> Thank you for your email.  I will be in touch with you when I get back in the office on Monday.
>
> Anamaria
>
> Anamaria Cobo de Paci
> Dean of Student Development and Campus Life
> Berkeley College
> 12 East 41st Street B 1301
> New York, NY 10017
> (212) 986-4343 EXT- 4211
> acd@BerkeleyCollege.edu

2

-----Robert Scott <robert.scott117@gmail.com> wrote: -----

To: "acd@Berkeleycollege.edu" <acd@Berkeleycollege.edu>
From: Robert Scott <robert.scott117@gmail.com>
Date: 11/28/2010 10:42AM
Subject: Schedule Counseling

Dear Ms. Anamaria:

I sent you my report of the incident that accorded on November 18,2010. You advise me that you will be meeting with me. I am falling behind in my class work, losing sleep and not eating correctly because of this situation. I feel that because of my gender I am getting treated unfairly because of a video that doesn't explain the whole story.
I would like to know when will I be called in to speak with you or someone regarding this matter.

Sincerely,

Robert Scott


Sent from my iPhone

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

## Robert Scott

| | |
|---|---|
| **From:** | robert scott [robertscott117@live.com] |
| **Sent:** | Tuesday, November 30, 2010 8:28 AM |
| **To:** | 'Kkr@berkeleycollege.edu' |
| **Subject:** | Gender Discrimination Complaint |
| **Attachments:** | Discrimination Complaint2.docx |

Dear Ms. Rowe:

Please find as an attachment a discrimination complaint based on gender in regards to the investigation/disciplinary procedure of Berkeley College.

Sincerely,

Robert Scott

To:     Kristin Rowe, Berkeley College, Affirmative Action Officer

From:  R. Scott, Student ID 1088059

Date:  November 29, 2010

Subj:  Discrimination based on Gender

---

On November 18, 2010, I was involved in an incident within SCI 220 LexisNexis Class within the B Building along with Danielle Pattillo and Lakesha Hickman. On November 19, 2010, I received a phone call from Ms. Anamaria Cobo De Paci, Dean, Student Development & Campus Life advising me that" because of the video that has been produced, it doesn't look good on my part", that neither me, Danielle Pattillo or Lekesha Hickman can come back to school until the conclusion of her investigation and that I should send her a report about the incident. I immediately did a follow up call to seek clearly to her statement in regards to "it doesn't look good on my part" because that statement seemed arbitrary.

On November 21, 2010, I sent Ms. Cobo De Paci, my written report regarding the incident. On November 28, 2010, I sent Ms. Cobo De Paci, a follow up letter regarding the status of her investigation of the incident because it was brought to my attention that all of the other parties to the incident had been called in to her office for an interview except me. Ms. Cobo De Paci immediately sent me a follow up letter, advising me that she will contact me on Monday.

On November 29, 2010, at approximately 7:50pm I sent Ms. Cobo De Paci, an e-mail because it was brought to my knowledge that both Ms. Danielle Pattillo and Ms. Lakesha Hickman has been allowed back into Berkeley College prior to the conclusion of the investigation against all of the parties involved. At approximately 8:21pm Ms. Cobo De Paci, sent me a follow up e-mail stating that "Each individual involved is treated as a separate case" which is contrary to her initial position she held on November 19, 2010, advising me that neither I, Danielle Pattillo or Lekesha Hickman would be allowed back into Berkeley College until the conclusion of her investigation.

Pursuant to Berkeley College, Student Handbook 2010, page 32, I am filing this discrimination gender complaint against Anamaria Cob De Paci, because I have not received equal student access to the benefits and services of Berkeley College investigation/disciplinary program as Ms. Danielle Pattillo and Ms. Lakesha Hickman, who was also parties to the incident on November 18, 2010.

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

NEW YORK STATE
DIVISION OF HUMAN RIGHTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of                    Case No. 10145447

ROBERT SCOTT,

                        Complainant,              **VERIFIED ANSWER**

                                                  RECEIVED
            v.
                                                  DEC 1 7 2010
BERKELEY COLLEGE,
                                                  UPPER MANHATTAN
                        Respondent.               REGIONAL OFFICE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Berkeley College as and for its Verified Answer to the Verified Complaint of

Robert Scott alleges as follows:

    1.      Denies each and every allegation of paragraph 1 of the Verified Complaint,

except admits that Complainant is a male.

    2.      Admits the allegations of paragraph 2 of the Verified Complaint and further

avers that Complainant intervened in a physical altercation between two female students

and began beating one of them.

    3.      Denies each and every allegation of paragraph 3 of the Verified Complaint,

except admits that Ms. Cobo de Paci called the Complainant on or about November 19,

2010 and advised him that he and the other two students could not return to the College

until the investigation of the incident was concluded.

                                    1

4.      Admits the allegations of paragraph 4 of the Verified Complaint, except denies that the communication in which Ms. Cobo de Paci advised Complainant that she would contact him the following Monday was a "letter."

5.      Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations of paragraph 5 of the Verified Complaint, except admits that Pattillo and Hickmon were asked to come to Berkeley College to be interviewed about the November 18 incident by College officials and that Ms. Pattillo received permission to deliver a paper to a professor prior to the conclusion of the investigation.

6.      Denies each and every allegation of paragraph 6 of the Verified Complaint.

## AS AND FOR A FIRST DEFENSE

7.      Complainant's violent conduct, as captured on a cell phone video of the incident, a copy of which is submitted herewith as Exhibit A and incorporated by reference into this Answer, unequivocally violated the Berkeley College code of conduct set forth in the Student Handbook to wit:

> *Conduct*
>
> Students are expected to abide by all public laws; to comply with the regulations and policies of the College; and to demonstrate a positive attitude, diligence, and courteous conduct toward instructors, staff, and fellow students.
>
> The College reserves the right to dismiss or suspend students for conduct which impedes, destructs, or interferes with the orderly and continuous administration and operation of the College or any unit of the College.

2

(emphasis added).[1]

8.     Given Complainant's indisputable and violent role in the November 18, 2010 incident, Berkeley College had a legitimate, nonpretextual, nondiscriminatory reason for dismissing Complainant as a student at Berkeley College.  Godinez v. Siena College, 288 A.D.2d 659, 661, 733 N.Y.S.2d 262, 265 (3d Dep't 2001).

## AS AND FOR A SECOND DEFENSE

9.     Berkeley College is a private school and as such is afforded broad discretion in its decisions involving the discipline, suspension and expulsion of its students.  The College's decisions are not reviewable absent evidence of an abuse of discretion.  Beilis v. Albany Medical College of Union University, 136 A.D.2d 42, 44 525 N.Y.S.2d 932, 934 (3rd Dept 1988) ("[w]hen a university, in expelling a student, acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge that justify the exercise of discretion, a court may not review the exercise of its discretion" (internal quotations and citations omitted); Hutcheson v. Grace Lutheran School, 132 A.D.2d 599, 600, 517 N.Y.S.2d 760, 762 (2d Dept 1987) ("When a private school expels a student "based on facts within its knowledge that justify the exercise of discretion," then a court may not review this decision and substitute its own judgment").

---

[1]  A slightly longer version of the same video may be found at:
http://bizziyola.blogspot.com/2010/11/disgraceful-college-fight-in-nyc-breaks.html.

10.     Berkeley College investigated the incident at issue before making a disciplinary decision with respect to Complainant, including taking statements from the participants and eye witnesses and reviewing the video tape of the altercation.

11.     That investigation revealed that the two female students were already fighting when the Complainant, who was not physically threatened or attacked, intervened and began beating one of the female students, which is shown on the video submitted herewith.

12.     The video clearly shows Complainant standing behind one of the women and punching her in the back of the head and in the back of her body <u>before</u> making any effort to separate the two women.

13.     Complainant's violent and aggressive behavior in joining a fight already in progress and punching another student from behind at a time when she was unable to defend herself from such blows warranted the severest penalty which could be meted out by the College.

14.     Berkeley College, therefore, exercised its discretion in determining that Complainant's conduct warranted dismissal from the College.

15.     Given these circumstances, the decision to expel Complainant from Berkeley College was not unreasonable, arbitrary or capricious.

## <u>AS AND FOR A THIRD DEFENSE</u>

16.     Contrary to the assertion in the Complaint, the other two participants in the fight were disciplined for violating Berkeley College's code of conduct.  Both students

4

{00139264;v1}

were suspended from the College for the remainder of the Fall Quarter and for the entire

Winter Quarter for their participation in the incident.

**WHEREFORE**, based on the foregoing, it is respectfully requested that the New

York State Human Rights Division conclude that there is no probable cause for finding

that Respondent may have engaged in any unlawful discriminatory practice or conduct

and that the Complaint be dismissed in its entirety.

Dated: December 14, 2010
       New York, New York

                                    KAVANAGH MALONEY & OSNATO LLP


                                    By: David F. Bayne
                                    Attorneys for Respondent Berkeley College
                                    415 Madison Avenue, 18th Floor
                                    New York, NY 10017
                                    (212) 207-8400

5

{00139264;v1}

Verification

STATE OF NEW YORK        )
                                      ss.:
COUNTY OF NEW YORK )

Anamaria Cobo de Paci, being duly sworn, deposes and says that she is Dean of Student Development & Campus Life of Respondent Berkeley College in this proceeding; that she has read the foregoing Verified Answer and knows the factual contents thereof; that the same is true to her own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, she believes them to be true.

_Anamaria Cobo de Paci_
Anamaria Cobo de Paci

Sworn to before me this
15th day of December, 2010

_Harriet Lobl_
Notary Public

HARRIET LOBL
Notary Public, State of New York
No. 01L07578060
Qualified in New York County
Commission Expires January 31, 2011

6

{00139264;v1}

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEW YORK STATE DIVISION OF          Case No. 10145447
HUMAN RIGHTS on the Complaint of

ROBERT SCOTT,

                Complainant,

      -against-

BERKELEY COLLEGE,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -


VERIFIED ANSWER


KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
Attorneys for Respondent

{00139165;v1}

# EXHIBIT L

# EXHIBIT L

# EXHIBIT L

# ASSIGNMENT AGREEMENT FOR COPYRIGHTED VIDEO

THIS AGREEMENT is made this 3rd day of December, 2010, by and between Omar Seymour ("Assignor") and Robert Scott ("Assignee", and collectively, the "Parties").

WHEREAS, Assignor is the copyright holder and owner of all proprietary interest in Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man strong Arm's The Student. Hitting Her with Body Shots) (the "Work").

AND WHEREAS, Assignor wishes to transfer all rights, ownership and interest in the work, including the copyright and all other intellectual property rights in the Work, to Assignee, under the terms set forth in this Agreement;

NOW THEREFORE, in consideration of the mutual promises, covenants, warranties, and other good and valuable consideration set forth herein, the Parties agree as follows:

1. *Assignment of the Work.* Assignor hereby irrevocably assigns to Assignee all rights, title and interest to the Work, including all copyright ownership and interest, and all moral rights associated with the creation of the Work. Assignee shall be the exclusive owner of the Work and of the copyright in the Work from the date of this Agreement forward, and shall have the exclusive right to secure registration of the copyright in the Work with the U.S. Copyright Office. No rights in the Work shall be retained by Assignor, nor shall there be any reversion of those rights to Assignor in the future.

2. *Payment.* In consideration of the assignment made by Assignor, as well as Assignor's promises, representations, covenants and warranties under this Agreement, Assignee shall pay to Assignor the amount of $1.00 (the "Payment"). The payment shall be paid in full to the Assignor within 7 days of the execution of this Agreement.

3. *Assignor's Representations and Warranties.* Assignor represents and warrants as follows:
   a. Assignor has the legal authority to grant the assignment of the Work, including all copyright rights and proprietary interest therein, as set forth in section 1. No other person or entity is required to consent to this assignment or to this Agreement for it to be.
   b. There are no claims currently pending or threatened, nor does Assignor have any reason to believe that any claims will be brought or threatened in the future, against Assignor's right, ownership or interest in the Work.

4. *Indemnification.* Assignor agrees to indemnify and hold harmless Assignee for any claims, suits, damages, actions, or other costs arising out any breach of Assignor's warranties set forth in section 3 above.

5. *Governing Law.* This Agreement shall be construed in accordance with, and governed in all respects by, the laws of the State of New York, without regard to conflicts of law principles.

6. *Counterparts.* This Agreement may be executed in several counterparts, each of which shall constitute an original and all of which, when taken together, shall constitute one agreement.

7. *Severability.* If any part or parts of this agreement shall be held unenforceable for any reason, the remainder of this agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be constructed as so limited.

8. *Notice.* Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified, return receipt requested, postage prepaid, or delivered by overnight delivery service, addressed as follows:

If to Assignor:                         3625 Waldo Avenue
                                        Bronx, New York 10463-2223

If to Assignee:                         127 East 117 Street
                                        New York, New York 10035-4642

IN WITNESS WHEREOF, the parties have caused the Agreement to be executed the day and year first above written.

ASSIGNOR                                ASSIGNEE

_Signature_                             _Signature_

Omar Seymour                            Robert Scott
Print Name                              Print Name

# EXHIBIT M

# EXHIBIT M

# EXHIBIT M

## Robert Scott

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Saturday, December 04, 2010 1:50 PM |
| **To:** | robertscott117@live.com |
| **Subject:** | Acknowledgement of Receipt |
| **Categories:** | Red Category |

THIS IS AN AUTOMATED EMAIL - DO NOT REPLY.

Thank you for submitting your registration claim using the electronic Copyright Office (eCO)
System. This email confirms that your application and fee for the work Disgraceful: College
fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's
The Student. Hitting Her with Body Shots) was received on 12/04/2010. The following applies
to registration claims only (not preregistrations):

The effective date of registration is established when the application, fee AND the material
being registered have been received. If you have not yet sent the material to be registered,
logon to eCO and click the blue case number associated with your claim in the Open Cases
table, then do one of the following:

For digital uploads: Click the Upload Deposit button at the top of the Case Summary screen,
then browse and select the file(s) you wish to upload. Note: only certain classes of works
may be registered with digital deposits (See FAQs:
http://www.copyright.gov/eco/faq.html#eCO 1.4).

For hardcopy submissions:  Click the Create Shipping Slip button at the top of the Case
Summary screen, then click the Shipping Slip link that appears in the Send By Mail table.
Print out and attach the shipping slip to the copy(ies) of your work. For multiple works, be
sure to attach shipping slips to the corresponding copies.

A printable copy of the application will be available within 24 hours of its receipt. To
access the application, click the My Applications link in the left top most navigation menu
of the Home screen.

You will be issued a paper certificate by mail after the registration has been completed. You
may check the status of this claim via eCO using this number [1-528638045].

[THREAD ID: 1-8QUCCH]

United States Copyright Office

**Robert Scott**

| | |
|---|---|
| **From:** | Copyright Office [cop-rc@loc.gov] |
| **Sent:** | Saturday, December 04, 2010 1:59 PM |
| **To:** | robertscott117@live.com |
| **Subject:** | Acknowledgement of Uploaded Deposit |
| **Categories:** | Red Category |

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

 The following files were successfully uploaded for service request 1-528638045

File Name :Disegraceful College Fight in NYC.mp4 File Size :5088 KB Date/Time :12/4/2010 1:51:59 PM

[THREAD ID: 1-8QU14M]

United States Copyright Office

# EXHIBIT N

# EXHIBIT N

# EXHIBIT N

Robert Scott

127 East 117 Street, #3E

New York, New York 10035

(646) 217-1765

robertscott117@live.com

December 4, 2010

WorldStarHipHop Inc.

9839 W Bell Road

Sun City, AZ 85351

Re: Notice of copyright infringement and demand to cease and desist

Dear WorldStar Hip Hop Inc.:

I am the copyright holder and owner of all copyright proprietary interest in the audio/video work Disgraceful: College Fight in NYC Breaks Out  Between A Guy, His Girl and Another Girl in Class! (Man strong Arm's The Student Hitting Her with Body Shots)(The "Work"). I have reserved all rights in the Work, which was first expressed in electric form on November 18, 2010. . *See*, United States Copyright Office Library of Congress Case # 1-528638045.

It has come to my attention that your work entitled Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student Hitting Her with Body Shots) is identical/substantially similar to my copyrighted Work. Permission was neither asked nor granted to reproduce my Work and your Work therefore it constitutes infringement of my rights. In terms of the Copyright Statutes, I am entitled to an injunction against your continued infringement, as well as to recover damages from you for the loss I have suffered as a result of your infringing conduct. In the circumstances, we demand that you immediately:

1. Remove all infringing content and notify me in writing that you have done so;

2. Credit all infringing content to me in the following manner: Notify all visitors that I own all rights to the video work;

3. Pay a licensing fee in the amount of $ 10,000;

4. Immediately cease the use and distribution of copyrighted material;

5. Deliver-up for destruction all unused or undistributed copies;

6.  Undertake in writing to desist from using any of my copyrighted Work in the future without prior written authority from me.

I await to hear from you by no later than close of business on December 10, 2010.

This is written without prejudice to my rights, all of which are hereby expressly reserved.

Sincerely,

Robert Scott

# EXHIBIT O

# EXHIBIT O

# EXHIBIT O

Robert Scott

127 East 117 Street, #3E

New York, New York 10035

(646) 217-1765

robertscott117@live.com

December 4, 2010

Berkeley College

3 East 43rd Street

New York, NY 10017

Re: Notice of copyright infringement and demand to cease and desist

To Whom It May Concern:

I am the copyright holder and owner of all copyright proprietary interest in the audio/video work Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man strong Arm's The Student Hitting Her with Body Shots)(The "Work"). I have reserved all rights in the Work, which was first expressed in electric form on November 19, 2010. . See, United States Copyright Office Library of Congress Case # 1-528638045.

It has come to my attention that your students and personal is reproducing, storing and sharing on or throught your campus Blackboard Information System and Computers the Work entitled Disgraceful: College Fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student Hitting Her with Body Shots). This work is identical/substantially similar to my copyrighted Work. Permission was neither asked nor granted to reproduce my Work and you're Information Systems, etc. Therefore it constitutes infringement of my rights. In terms of the Copyright Statutes, I am entitled to an injunction against your continued infringement, as well as to recover damages from you for the loss I have suffered as a result of your infringing conduct. In the circumstances, I demand that you immediately:

1. Remove all infringing content and notify me in writing that you have done so;

2. Credit all infringing content to me in the following manner: Notify all Berkeley College Students and Personal  that I own all rights to the video work;

3. Pay a licensing fee in the amount of $ 10,000;

4. Immediately cease the use and distribution of copyrighted material;

5. Deliver-up for destruction all unused or undistributed copies;

6. Undertake in writing to desist from using any of my copyrighted Work in the future without prior written authority from me.

I await to hear from you by no later than close of business on December 10, 2010.

This is written without prejudice to my rights, all of which are hereby expressly reserved.


Sincerely,

Robert Scott

# EXHIBIT P

# EXHIBIT P

# EXHIBIT P



ANDREW M. CUOMO
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ROBERT SCOTT,

Complainant,

v.

BERKELEY EDUCATIONAL SERVICES OF NEW
YORK, INC.,

Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10145447

---

On Tue 11/30/2010, Robert Scott filed a verified complaint
with the New York State Division of Human Rights ("Division")
charging the above-named respondent with an unlawful
discriminatory practice relating to education because of sex in
violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review
of related information and evidence by the named parties, the
Division has determined that there is NO PROBABLE CAUSE to
believe that the respondent has engaged in or is engaging in the
unlawful discriminatory practice complained of.  This
determination is based on the following:

The investigation revealed insufficient evidence that the
complainant was discriminated against because of his sex.

The complainant alleged that he was suspended and
subsequently expelled from the respondent's school because of
his sex. The complainant asserted that two females, who were
involved in the same incident as he, were suspended and later
allowed to return to classes. The complainant further asserted
that the two females were allowed to give their sides of the
story while he was not given that opportunity.

The respondent asserted that the complainant's behavior is

the sole reason why he is no longer allowed to return to
Berkeley College. The respondent submitted a video which
displays the complainant engaging in a fight which was already
in progress. The video also shows the complainant punching a
female student in her head from behind. The respondent made a
determination from the video that the complainant's actions were
unacceptable and expelled him from the school.

The investigation revealed that an altercation occurred in
a class taken by the complainant and two female students. The
two females students were the complainant's former girlfriend
and his current girlfriend. The two women got into a physical
confrontation with one another. The complainant was captured on
video punching his former girlfriend while she had her back to
him and posed no physical threat to him.

The investigation revealed that after the altercation was
broken up, campus security and a New York City Police Officer
met with all parties. The security officer filed an incident
report, the teacher provided a written statement, and a number
of students, who were eye witnesses to the incident, provided
written statements to the respondent. In addition, all three
individuals involved in the altercation provided written
statements to the respondent. The video submitted by the
respondent showed the complainant hitting his former girlfriend
from behind while her back was turned to him. The complainant
admits hitting her although he claimed to have done so to
protect his former girlfriend.

The investigation revealed that the respondent suspended
all the students after the incident occurred. Subsequently, the
two women were allowed to return to classes.  Following its
investigation into the incident, the respondent believed the
complainant had an opportunity to break up the altercation
between the two women; yet, he chose to jump into the fray.
Although both women were mutually engaged with one another, they
were defending themselves against each other. The complainant's
former girlfriend was hit by him from behind where she was
unable to defend herself from him and while she posed no threat
to the complainant. After gathering all the evidence, the
respondent exercised its discretion and expelled the complainant
for his egregious behavior, which he acknowledged.

The respondent has articulated a legitimate, non-
discriminatory reason for how it treated the complainant which
has not been proven to be a pretext to discrimination.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Dated:      JAN 1 9 2011
        New York, New York

                    STATE DIVISION OF HUMAN RIGHTS


            By:   _David E. Powell_____
                    David E. Powell
                    Regional Director


- 3 -