UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF NEW YORK
-----------------------------------------------------*

ROBERT SCOTT,

                Plaintiff,      **REPLY TO MOTION TO DISMISS**

-against-

WORLDSTARHIPHOP INC.,      10-cv-9538 (PKC)(RLE)
BERKELEY COLLEGE,

                Defendants.
-----------------------------------------------------*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/29/11

PRO SE OFFICE

## PLAINTIFF REPLY TO DEFENDANT BERKELEY COLLEGE NOTICE OF MOTION TO DISSMISS PLAINTIFF'S AMENDED COMPLAINT IN ITS ENTIRETY

Robert Scott
127 East 117 Street, Apt. 3E
New York, NY 10035
T: 646.217.1765
E:robertscott117@live.com

Robert Scott
127 East 117 Street, Apt. 3E
New York, NY 10035
T: 646.217.1765
E:robertscott117@live.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF NEW YORK
------------------------------------------------------*

ROBERT SCOTT,

                     Plaintiff,          **REPLY TO MOTION TO DISMISS**

-against-

WORLDSTARHIPHOP INC.,              10-cv-9538 (PKC)(RLE)
BERKELEY COLLEGE,

                     Defendants.
------------------------------------------------------*

### RESPONSE TO DEFENDANTS' MOTION TO DISMISS

1) Plaintiff, Robert Scott, replies to the allegations contained in the Defendant's, Berkeley College, motion to dismiss as follows:

2) Plaintiff denies each and every allegation contained in paragraph ¶¶1-64 of the Defendant's Berkeley College, Memorandum of Law in Support of Defendant Berkeley College's Motion to Dismiss Plaintiff's Amended Complaint in its Entirety.

3) Plaintiff, Robert Scott, respectfully oppose the defendants', Berkeley College, motion to dismiss. The amended complaint states a claim for 1) violation of Plaintiff right to privacy against the Defendant, WorldStarHipHop, Inc., under New York State Civil Rights Law §50, 2) Negligent Infliction of Emotional Distress against the Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, for failure to exercise due care in performance of her ministerial duty to enforce the Defendant, Berkeley College, Code of Conduct, Communication and Media Relation Policies against the Defendant, Berkeley College, Student Mr. Omar Seymour, 3) Sex Discrimination in

enforcing the Defendant, Berkeley College, Code of Conduct, against the Plaintiff under 20 U.S.C.A. § 1681, 4) Retaliation for filing a Sex Discrimination Complaint with the Defendant, Berkeley College, under 20 U.S.C.A. § 1681, and 5) copyright infringement in violation of 17 U.S.C.A. § 101 et. seq.,

4) The plaintiff having standing to bring these claims because Defendant, Berkeley College, Code of Conduct, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, breached the student-private college contractual relationship with the Plaintiff by subjecting the Plaintiff to disciplinary action based on procedures that was not predicated by the Defendant, Berkeley College, prior to the November 18, 2010, incident.

5) The defendants' motion that this Court dismisses the Plaintiff Complaint should also be denied because the federal statutory issues cannot be eliminated by any state court construction of the statute and abstention would simply delay an adjudication to protect the plaintiffs' rights.

## STATEMENT OF FACTS

6) Plaintiff initially brought this action for copyright infringement and injunctive relief under 17 U.S.C. § 101 et. seq., for violation of his exclusive rights in the work titled "Disgraceful: College Fight in NYC, Breaks Out Between A Guy, His Girl and Another Girl in Class (Man Strong Arm's The Student. Hitting her with body shots)".

7) Thereafter, Defendant, Berkeley College, sought to dismiss the complaint for failure to state a claim upon which relief could be granted and for lack of plausibility pursuant to Federal Rules of Civil Procedure Rules 12 (b)(6).

8) Thereafter Plaintiff amended his initial Complaint pursuant to Federal Rules of Civil Procedure Rules 15 (a) *<u>that factual content allows the court to draw a reasonable inference that the Defendant, Berkeley College, is liable for misconduct alleged</u>*. As set forth in Plaintiff amended Complaint Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, conduct did breached the student-private college contractual relationship between the Plaintiff and the Defendant, Berkeley College.

## FEDERAL LAW ON SEX DISCRIMINATION

9) 20 U.S.C.A. § 1681, statute strictly prohibits discrimination based on sex and retaliation against the Plaintiff for filing a complaint asserting his rights under federal law under any education program or activity receiving Federal financial assistance.

10) The first restriction prohibits the Defendant, Berkeley College, from subjecting the Plaintiff, Robert Scott, to separate or different rules of behavior, sanctions, or other treatment for his role in the November 18, 2010, incident. The second restriction prohibits the Defendant, Berkeley College, from retaliating against the plaintiff for asserting his rights under federal law about the separate or different rules of behavior, sanctions, and other treatment for his role in the November 18, 2010, incident then the other two parties involved.

## BERKELEY COLLEGE MINISTRIAL DUTY

11) As further set forth in Plaintiff amended Complaint Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, had a ministerial duty once made aware of Student Omar Seymour conduct of recording the November 18, 2010, incident and

distributing said recording to third parties for advertisings purposes in violation of New York Civil Rights Law §50 and the Defendant, Berkeley College, own rules and regulations governing media relations, etc., to commence disciplinary action against the Defendant, Berkeley College, student Mr. Omar Seymour, for his conduct.

12) Defendant, Berkeley College, code of conduct, did not empower, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, with a discretionary duty to not enforce the Defendant, Berkeley College, code of conduct, against Defendant, Berkeley College, student Mr. Omar Seymour for his conduct that clearly violated well established public law before the November 18, 2010, incident; notwithstanding, Plaintiff role within the November 18, 2010, incident. Defendant, Berkeley College, code of conduct, clearly states that:

"**Students are expected to abide by <u>all public laws; to comply with the regulations And policies of the College; and to demonstrate a positive attitude, diligence, and Courteous conduct towards instructors, staff, and fellow students.</u>**"

## <u>BERKELY COLLEGE LACK OF ENFOCEMENT OF ITS CODE OF CONDUCT ENDANGERED THE PLAINTIFF'S SAFTEY AND CAUSED FEAR FOR HIS OWN PERSONAL SAFETY</u>

13) The video as it was displayed on the Defendant, WorldStarHipHop, Inc., website and the comments added thereto by viewers of the video did place the plaintiff physical safety endanger. There were comments by viewers that disclosed the Plaintiff name, address, etc. prior to Defendant, WorldStarHipHop, Inc., removal of the video once served by the Plaintiff with a summons and complaint. Therefore Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, failure to perform her

ministerial duty to enforce its code of conduct, did negligently inflict emotional distress upon the Plaintiff because he was in fear of his physical safety and had no other means of redress short of litigation.

14) The Defendant, Berkeley College, within its memorandum of law point II suggest that the Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, was under no obligation once the video was produce, to protect the well being of the Plaintiff and the several other students that personal identity was displayed on the video under any federal, state and local law. This argument clearly disregards the Defendant, Berkeley College, duty to maintain the safety of all its students, notwithstanding, Plaintiff involvement within the November 18, 2010, incident that was displayed on video.

## DISCRIMINATORY ENFORCEMENT OF BERKELEY COLLEGE CODE OF CONDUCT

15) Plaintiff did not or still doesn't contends within his pleadings before this court, that the Defendant, Berkeley College, did not have a legitimate disciplinary reason to dismiss the Plaintiff from the Defendant, Berkeley College, for his role within the November 18, 2010, incident; *__but that the Defendant, Berkeley College, under State and Federal Law decision to discipline the Plaintiff for his role within the November 18, 2010, incident on procedures that was not predicted by the Defendant, Berkeley College, prior to the November 18, 2010, incident constituted a breach of the student-private college contractual relationship with the Plaintiff by subjecting the Plaintiff to disciplinary action based on procedures that was not__*

*<u>predicated by the Defendant, Berkeley College, prior to the November 18, 2010, incident.</u>*

16) This breach of the student-private college contractual relationship between the Plaintiff and the Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, *<u>allowed for the Plaintiff to be deprived of procedural safeguards that was fair and reasonable for his role within the November 18, 2010, incident under the Defendant, Berkeley College, code of conduct, and allowed for the Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life to subject the Plaintiff to separate or different rules of behavior, sanctions, or other treatment for his role in the November 18, 2010, incident in violation of 20 U.S.C. § 1681.</u>*

17) Defendant, Berkeley College, tries to rely on the New York State Supreme Court decision of Justice Donna M. Mills, who dismiss the Plaintiff petition before the court as prove positive that Plaintiff wasn't subjected to discriminatory enforcement of the Defendant, Berkeley College, code of conduct.

18) Plaintiff pleadings before the state court sought to annual the New York State Division of Human Rights determination based on the fact that the Plaintiff was deprived of procedural safeguards that was fair and reasonable for his role within the November 18, 2010, incident and discipline on procedures that wasn't predicated by the Defendant, Berkeley College, prior to the November 18, 2011, incident based on the New York State Court of Appeals holding in <u>Tedeschi v. Wagner College</u>, 49 N.Y.2d 652, 427 N.Y.S.2d 760 (Ct. App. 1980).

19) The State Court entered a ruling under Executive Law §298 which limited its judicial scope of review and did not reach the merits of those arguments against the Defendant, Berkeley College, because the Court lacked subject matter jurisdiction to enter a ruling pursuant to CPLR §7801 et seq. under Executive Law §298.

20) This Federal court does not lack the same subject matter jurisdiction to reach the merits of those arguments against the Defendant, Berkeley College, pursuant to 20 U.S.C. §1681 or any other federal statutory law that is pled within the Plaintiff amended complaint.

## RETALIATION IN VIOLATION OF 20 U.S.C.A §1681

21) Prior to Plaintiff dismissal from the Defendant, Berkeley College, and prior to Plaintiff filing a retaliation complaint, Plaintiff was unaware of the inter-departmental e-mail sent from the Defendant, Berkeley College, Ms. Anamaria Cobo De Paci to her superior Mr. Edwin Hughes or the several reports that was obtained during the investigation of the November 18, 2010, incident because the Defendant, Berkeley College, code of conduct did not provide the Plaintiff with any procedural safeguards that would have allowed him to prepare a defense at a hearing or to gain access to these reports or e-mails prior to a decision to suspend or dismiss the Plaintiff.

22) Defendant, Berkeley College, within its motion to dismiss distorts the facts and the law and several regards.

23) Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, wasn't lawfully allowed pursuant to New York State Court of Appeals holding in Tedeschi v. Wagner College, supra, to render a determination prior to providing the Petitioner with

procedural safeguards that was fair and reasonable and also to dismiss or to suspend the Plaintiff on procedures that wasn't predicated by the Defendant, Berkeley College, prior to the November 18, 2010, incident.

24) Therefore Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, determination to dismiss the Plaintiff for his role within the November 18, 2010, incident, based upon procedures that wasn't predicted by the Defendant, Berkeley College, prior to the November 18, 2010, incident constituted a clear violation of 20 U.S.C.A § 1681.

25) The state court lack subject matter jurisdiction under Executive Law §298 to reach the merits of that argument, but this court has clear subject matter jurisdiction to reach the merits of those claims to determine the question of law as to whether or not Defendant, Berkeley College, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development & Campus Life, determination to discipline the Plaintiff based upon procedures that wasn't predicted by the Defendant, Berkeley College, prior to the November 18, 2010, incident constituted a clear violation of 20 U.S.C.A § 1681.

**COPYRIGHT INFRINGEMENT BY DEFENDANT**

26) Defendant, Berkeley College, once again tries to misdirect the court about the Plaintiff pleadings to have this court make a rule base on a legal argument that is not being pleaded within the Plaintiff amended complaint.

27) Plaintiff never pled within his am. Cplt. ¶¶14,17 that Defendant, Berkeley College, on or about November 19, 2010, obtained a copy of the video from the Defendant, WorldStar HipHop, Inc.

28) As alleged in said pledging, Plaintiff does not accuse Defendant, Berkeley College, of committing copyright infringement on November 19, 2010, for just reviewing the video that was being published on the Defendant, WorldStarHipHop, Inc., website; but that on or about December 4, 2010, to on or about December 16, 2010, the Defendant, Berkeley College, Code of Conduct, acting through its employee, Ms. Anamaria Cobo De Paci, Dean of Student Development and Campus Life, act of downloading, copying and sharing said video thru its blackboard network after adequate notice from the Plaintiff, constituted a clear violation of 17 U.S.C. §101 et seq.

29) Plaintiff has never tried to suppress the Defendant, Berkeley College, access to the video by means of a copyright to defend itself before an administrative agency. This theory by Mr. David F. Bayne is just in defense of his failure to perform his due diligent research as a license attorney instead of disregarding the Plaintiff notice of copyright.

30) Defendant, Berkeley College, was adequately notified of the Plaintiff copyright in such video that was being publish by the Defendant, WorldStarHipHop, Inc., for advertising purposes in violation of N.Y. Civil Rights Law §50.

31) A adequate review of the Plaintiff amended complaint by a person well trained within the law can easily comprehend from those pleading's, the acts and time that

the Defendant, Berkeley College, infringed the Plaintiff copyright within the work except Mr. David F. Bayne, Esq.

32) Defendant, Berkeley College, adequately received notice that the Plaintiff held a valid copyright within the work on December 4, 2010, and disregarded said notice because Plaintiff, who is the lawful copyright holder within the work, also was one of the subjects within the work.

33) Plaintiff being a subject within the work, doesn't in anyway deprive him of the legal exclusive rights to the work under 17 U.S.C. § 101 et. seq. that he lawfully acquired. Defendant, Berkeley College, asks that this court deprive Plaintiff of all of his exclusive rights under federal law, solely because Plaintiff is also a subject within the video that was being published by the Defendant, WorldStarHipHop, Inc., that was adequately served with said summons and complaint.

## CONCLUSION

For all the foregoing reasons, Defendant, Berkeley College, motion to dismiss should be denied in it's entirely and Plaintiff amended complaint granted.

Sincerely,

*Robert Scott*

Robert Scott

Sworn to before me this 28
July 2011

NOTARY PUBLIC

LYNN YOUNG
Notary Public, State of New York
No. 01YO6212220
Qualified in New York County
Commission Expires October 13, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Scott
_____

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

- against -

Worldstarhiphop, Inc
Berkeley College
_____

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

10 Civ. 9538 (PKC)(RLE)

**AFFIRMATION OF SERVICE**

I, Robert Scott (name), declare under penalty of perjury that I have served a copy of the attached Reply to Motion to Dismiss (document you are serving) upon David F. Bayne (name of person served) whose address is 415 Madison Ave NY, NY 10017 (where you served document) by Mail (how you served document: For example - personal delivery, mail, overnight express, etc.)

Dated: NY (town/city), NY (state)
July (month) 28 (day), 2011 (year)

Signature: Robert Scott
Address: 127 E 117 St, Apt. 3E
City, State: New York, NY
Zip Code: 10035
Telephone Number: (646) 217.1765

Rev. 05/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Scott
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Worldstarhiphop, Inc.
Berkeley College
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

10 Civ. 9538 (PKC)(RLE)

**AFFIRMATION OF SERVICE**

I, Robert Scott (name), declare under penalty of perjury that I have served a copy of the attached Reply to Motion to Dismiss (document you are serving) upon Joseph L. Francoeur (name of person served) whose address is 150 E 42 Street, NY, NY 10017-5639 (where you served document) by Mail (how you served document: For example - personal delivery, mail, overnight express, etc.).

Dated: NY (town/city), NY (state)
July (month) 28 (day), 2011 (year)

Signature: Robert Scott
Address: 127 E 117 St., Apt. 3E
City, State: NY, NY
Zip Code: 10035
Telephone Number: (646) 217.1765

*Rev. 05/2007*