UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SCOTT,<br><br>              Plaintiff,<br><br>v.<br><br>WORLD STAR HIP HOP, INC.,<br><br>              Defendant. | Case No. 10-CV-09538-PKC-RLE<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. i

STATEMENT OF FACTS .............................................................................................. 1

POINTS AND AUTHORITIES ...................................................................................... 3

    I.    DEFENDANT WORLD STAR HIP HOP, INC. DID NOT WILLFULLY DEFAULT BECAUSE IT WAS NEVER PROPERLY SERVED ........................................................................... 4

    II.    PLAINTIFF WILL SUFFER NO PREJUDICE IF THE DEFAULT IS SET ASIDE .................................................................. 6

    III.    WORLD STAR HIP HOP, INC. HAS MERITORIOUS SUBSTANTIVE DEFENSES AGAINST THE CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT ...................................... 6

        A.    Worldstarhiphop.com Had Full Permission of Copyright Owner Seymour To Post the Video ............................................. 6

        B.    Plaintiff's Copyright Claim Is Foreclosed By The Digital Millennium Copyright Act Safe Harbor Provisions ..................... 7

        C.    The Communications Decency Act Immunizes Worldstarhiphop.com From All of Plaintiff's Non-Intellectual Property Claims ................................................... 10

        D.    Plaintiff Cannot Meet the Elements to Prove His State Law Claim Under New York Civil Rights Law Sections 50 and 51 ............................................................................................ 11

CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Alfano v. NGHT, Inc.*, 623 F.Supp.2d 355 (E.D.N.Y. 2009). ................................. 12

*Castiglione v. Papa*, 423 Fed.Appx. 10 (2nd Cir. 2011) ............................................. 5

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011). .......... 3

*Gucci Am., Inc. v. Hall & Assocs.*, 135 F.Supp.2d 409 (S.D.N.Y. 2001). ................ 10

*Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298 (2d Cir. 1986). ......................... 10

*Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082 (C.D. Cal. 2001). ......................... 8

*Lerman v. Flynt Distributing Co., Inc.*, 745 F.2d 123 (2d Cir. 1984). ..................... 11

*LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150 (9th Cir. 1996) .... 7

*Murawski v. Pataki*, 514 F.Supp.2d (S.D.N.Y. 2007). ........................................ 10, 11

*Nationsbank of Florida v. Banco Exterior de Espana*, 867 F.Supp. 167 (S.D.N.Y. 1994) ................................................................................................................... 3

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005) ......................................................... 3

*Novak v. Overture Services, Inc.*, 309 F.Supp.2d 446 (E.D.N.Y. 2004). ................. 11

*S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998). ....................................................... 4

*Universal Comm'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Circ.2007). ............. 10

*Viacom Intern, Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010) ............. 8

**STATE CASES**

*Davis v. High Soc. Magazine, Inc.* 90 A.D.2d 374, 457 N.Y.S.2d 308 (1982) ......... 12

*Messenger ex rel. Messenger v. Gruner + Jahr Printing and Publ'g*, 94 N.Y.2d 436, 706 N.Y.S.2d 52 (2000). ............................................................................ 12

*Quezada by De Lamota v. Daily News,* 125 Misc.2d 302, 479 N.Y.S.2d 682 (1984), *as aff'd as mod. on other grounds* 130 Misc.2d 842, 501 N.Y.S.2d 971 .................................................................................................................. 11

*School of Visual Arts v. Kuprewicz,* 3 Misc.3d 278, 771 N.Y.S.2d 804 (2003). ........................ 12

## FEDERAL STATUTES

17 U.S.C. § 512 .......................................................................................................................... 8, 9

17 U.S.C. § 512 (c) .................................................................................................................. 6, 7, 8

17 U.S.C. § 512 (c)(3) ...................................................................................................................... 8

17 U.S.C. § 512 (c)(3)(vi) ................................................................................................................. 8

47 U.S.C. § 230 ............................................................................................................................. 10

47 U.S.C. § 230(f)(2) ..................................................................................................................... 10

## STATE STATUTES

N.Y. Civil Rights Law § 50, 51 ..................................................................................................... 11

## FEDERAL RULES

Fed. R. Civ. P. 4 .............................................................................................................................. 5

Fed. R. Civ. P. 4(b) ......................................................................................................................... 5

Fed. R. Civ. P. 4(c) ......................................................................................................................... 5

Fed. R. Civ. P. 4(h)(1)(B) ........................................................................................................... 2, 4

Fed. R. Civ. P. 4(m) .................................................................................................................... 2, 4

Fed. R. Civ. P. 15(a)(1)(B) .............................................................................................................. 5

Fed. R. Civ. P. 55(a) ....................................................................................................................... 3

Fed. R. Civ. P. 55(b)(2) .................................................................................................................. 3

Fed. R. Civ. P. 55(c) ....................................................................................................................... 3

**MISCELLANEOUS**

3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 10.03[A], at 10-36 (1989) .................. 7

## STATEMENT OF FACTS

On November 16, 2010, Omar Seymour videorecorded Plaintiff Robert Scott engaging in a fight between his former girlfriend and his current girlfriend, which took place in a classroom at Berkeley College. (Mot. of Berkeley College, Dkt. 32, at 7). On November 16, 2010, Seymour transmitted the video to worldstarhiphop.com for posting on the site. Am. Compl. at 16. Worldstarhiphop.com is a hip hop, rap, urban music, culture and news website founded by Lee Odenat in approximately 2007. (Granick Decl. at 3).

On November 29, 2010, Plaintiff wrote to worldstarhiphop.com demanding that the video and attached comments be removed because they were defamatory and injurious to his reputation. (See Granick Decl. 6, Ex. B).

On December 3, 2010, Plaintiff allegedly purchased the copyright rights in the video from Seymour for $1.00. (Am. Compl. at 33, Ex. L). Plaintiff recorded his purported ownership of the video with the Copyright Office on December 4, 2010. *Id.* at 35. On December 16, 2010, Plaintiff filed this case *in pro se* against Berkeley College and World Star Hip Hop, Inc. (Dkt. 2). World Star Hip Hop, Inc. is a Nevada corporation formed by Lee Odenat in 2009. (Granick Decl. at 4). The Complaint alleged one count of copyright infringement based on posting the video of the fight as related above. (Complaint, Dkt. 2).

On April 15, 2011, 120 days lapsed from the time the Complaint was filed. See

1

Rule 4(m). On May 5, 2011, Plaintiff allegedly caused the Marshall's Office to deliver to Michael R. Carrigan, Esq. of Spiegel & Utrera, P.A. in Las Vegas a copy of the "summons and Amended Complaint" in this matter. Spiegel & Utrera were the designated agent for World Star Hip Hop, Inc. However, from September of 2010 until October 2011, World Star Hip Hop, Inc. was in default for failure to comply with Nevada's filing requirements for domestic corporations. (Granick Decl. at 5, Ex. A).

Plaintiff never mailed or emailed the served Summons and unfiled Amended Complaint to Odenat or to worldstarhiphop.com. Nor did Plaintiff send those documents to Odenat's lawyers Granick or Zarin. Granick Decl. at 8. See Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff filed an Amended Complaint with this Court on May 24, 2011, nineteen days after the alleged service on World Star Hip Hop, Inc. (Dkt. 26).

On June 21, 2011, Plaintiff filed a Proof of Service. (Dkt. 35). The docket entry in this case regarding purported service on World Star Hip Hop, Inc. reads only:

> 06/21/2011 MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Amended Complaint served. Service was accepted by Michael Carrigan Attorney. Document filed by Robert Scott. (jfe) (Entered: 07/05/2011).

The docket entry makes no mention of World Star Hip Hop, Inc. or of Spiegel & Utrera, P.A.

On October 6, 2011, Plaintiff obtained a Clerk's Certificate of Entry of Default against World Star Hip Hop, Inc. (Dkt. 45).

## POINTS AND AUTHORITIES

"When a party against whom a judgment for affirmative relief is sought has failed

2

to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, "a default judgment ordinarily must be entered by the district judge" under Rule 55(b)(2). *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). This court may set aside the entry of default for good cause. Fed. R. Civ. P. 55(c).

The Second Circuit has a "strong preference" for resolving disputes on the merits, and that a default judgment is "the most severe sanction which the court may apply." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). In determining whether to enter default judgment, this Court considers the willfulness of default, whether the adversary would suffer prejudice if default were set aside, and whether the defaulting party presents meritorious defense. *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F.Supp. 167, 175 (S.D.N.Y. 1994). Indeed, the Second Circuit has found that a default judgment is appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.*

## I. DEFENDANT WORLD STAR HIP HOP, INC. DID NOT WILLFULLY DEFAULT BECAUSE IT WAS NEVER PROPERLY SERVED

World Star Hip Hop, Inc. did not willfully default in this case. Defendant was not properly served, and did not have reason to know that Plaintiff claimed service had been accomplished. Any failure to respond was not willful.

First, Defendant's failure to respond is not even a default because the entity was never properly served. Service occurred on May 5, 2011, more than 120 days after the original Complaint was filed. This is untimely. FRCP 4(m) ("If a defendant is not served

3

within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

Second, Plaintiff was required to, but failed to, mail a copy of the summons and complaint to defendant. Fed. R. Civ. P. 4(h)(1)(B). "Willfulness," in the context of a default, refers to conduct that is more than merely negligent or careless. *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). World Star Hip Hop, Inc. was a defaulted corporation that was not doing business at the time the video was posted on the website worldstarhiphop.com, or at the time of service. An attorney with the corporation's registered agent accepted service even though the company was in default. The docket entry lists that attorney by name, but makes no mention of World Star Hip Hop, Inc. or of the registered agent Spiegel & Utrera, P.A. Thus, someone reviewing the docket would have no reason to know that Plaintiff purportedly served Defendant. (*See, e.g.* June 29, 2011 Motion of Berkeley College, Dkt. 32, p. 8 ("The docket does not indicate that World Star Hip Hop, Inc. has been served or has otherwise appeared in this action.")).

Because World Star Hip Hop, Inc. was defunct, in combination with the way the docket noted purported service and fact that Plaintiff did not mail a copy of the filed papers or proof of service to either the website employees, to Mr. Odenat or to counsel, no one associated with Defendant was aware that Plaintiff believed he had effectuated proper service.

Third, Plaintiff never served the original Complaint. Rather, he had the original Summons and a copy of an unfiled Amended Complaint delivered to World Star Hip

4

Hop, Inc.'s registered agent. The Amended Complaint was not filed until after service, and Defendant was never served with a Summons for the Amended Complaint or a filed copy of the Original Complaint. Rule 4 is clear that a Summons issues only after the Complaint is filed, and that the plaintiff must serve each defendant with a copy of that Summons and the filed Complaint. Fed. R. Civ. P. 4(b) ("**On or after** filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and **issue** it to the plaintiff for service on the defendant."); 4(c) ("A summons must be served **with a copy of the complaint**.") Even if Plaintiff is to be excused for failing to serve a filed copy of the original complaint for which the Summons issued, his subsequent amendment of the Complaint eliminated any obligation Defendant might have had to respond to the original Summons. See Fed. R. Civ. P. 15(a)(1)(B); *see also Castiglione v. Papa*, 423 Fed. Appx. 10 (2d Cir. 2011) (not approved for publication).

Thus, any failure on the part of World Star Hip Hop, Inc. to respond in this matter is non-willful, less than negligent or careless, and actually excusable.

## II. PLAINTIFF WILL SUFFER NO PREJUDICE IF THE DEFAULT IS SET ASIDE

Review of the Amended Complaint suggests that Plaintiff asserts only the copyright infringement and state right to privacy claims against World Star Hip Hop Inc. The other discrimination-related claims only involve former defendant Berkeley College – and this court has dismissed them. The factual basis of both the copyright infringement and privacy claims against worldstarhiphop.com are different from those facts underlying

the now dismissed claims against Berkeley College. Therefore, Plaintiff will not need to duplicate work as a result of granting the anticipated motion for relief from default.

### III. WORLD STAR HIP HOP, INC. HAS MERITORIOUS SUBSTANTIVE DEFENSES AGAINST THE CLAIMS IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's copyright claim against World Star Hip Hop, Inc. for hosting a video on worldstarhiphop.com is meritless. The copyright owner, Seymour, gave the website a license to post the video at his request. Furthermore, the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. 512 (c), foreclose any claim for monetary damages. Similarly, his state law privacy claim, which this court entertains through pendent jurisdiction, is both foreclosed by federal law and substantively meritless.

#### A. Worldstarhiphop.com Had Full Permission of Copyright Owner Seymour To Post the Video

November 16, 2010, Omar Seymour, the person who recorded a video of Plaintiff fighting with his former girlfriend, transmitted the video to worldstarhiphop.com for posting on the site. (Am. Compl. at 16). Thus, at the time worldstarhiphop.com posted the video of Plaintiff fighting, Seymour (not Plaintiff) owned the video. Seymour gave worldstarhiphop.com full license and permission to post it. Plaintiff cannot establish a prima facie case of copyright infringement, the first element of which is ownership. *See LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 1996) ("A plaintiff must meet two requirements to establish a prima facie case of copyright infringement: (1) ownership of the allegedly infringed material and (2) violation by the

6