```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SCOTT,

                        Plaintiff,                  10 Civ. 9538 (PKC)

      -against-

                                              ORDER

WORLDSTARHIPHOP, INC.,

                        Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Robert Scott brings this action against defendant WorldStarHipHop, Inc. ("WorldStar"), asserting copyright infringement and associated state law claims. WorldStar did not answer or otherwise move with respect to the Complaint or Amended Complaint. Accordingly, on October 6, 2011, the Clerk of Court entered a default against WorldStar. Now WorldStar moves to vacate the entry of default.

        "The court may set aside an entry of default for good cause." Rule 55(c), Fed. R. Civ. P. "Because Rule 55(c) does not define the term 'good cause,' [the Second Circuit has] established three criteria that must be assessed . . . . These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993).

        Weighing these factors in this case, good cause exists to vacate entry of default. Notably, WorldStar offers several meritorious defenses to the asserted claims (See Def. Mem. Supp. Mot for Relief from Default 6-12), and plaintiff offers only a circular argument as to prejudice—that he "would suffer prejudice if default was set aside because [WorldStar] has

failed to establish good cause." (Pl. Aff. Opp. Mot. to Set Aside Default 4). Therefore, WorldStar's motion to vacate entry of default is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 12, 2011