UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------*

ROBERT SCOTT,

              Plaintiff,                            AFFIRMATION IN OPPOSITION TO

v.                                                      MOTION TO DISMISS THE AMENDED

WORLDSTARHIPHOP, INC.,                COMPLAINT IN ITS ENTIRETY

BERKELEY COLLEGE,                         10-Cv-9538 (PKC) (RLE)

              Defendants.

------------------------------------------------------*

I, Robert Scott, appearing pro se, **affirm under penalty of perjury that**:

1.     I, Robert Scott, am the Pro se Plaintiff, in the above entitled action, and respectfully submit this affirmation in opposition to the motion dated January 12, 2012, made by WorldStarHipHop, Inc., asking that the district court dismiss with prejudice and in its entirety the Plaintiff's Amended Complaint against the Defendant WorldStarHipHop, Inc.

2.     I have personal knowledge of the facts which bear on this motion because I am the Pro se Plaintiff within this action and commenced said action against the Defendant, WorldStarHipHop, Inc., for violation of the 1976 Copyright Act, 17 U.S.C. §101 et. seq. and N.Y. Civil Rights Law §51.

### Defendant's Motion fails to raise a lawful defense under Fed.R.Civ. P. Rule 12 (b)

3.     The motion should be denied because the Defendant WorldStarHipHop, Inc., motion to dismiss in its entirety failed to assert a defense recognized by Fed. R. Civ. P.

1 | Page

Rule 12 (b). Fed. R. Civ. P. Rule 12 (b) doesn't assert a defense to claims based upon the ground of dismissal with prejudice. See, Fed. R. Civ. P. Rule 12 (b); But see, Docket#60, Granick Motion to Dismiss.

**<u>Defendant acted as a Internet Service Provider Outside the scope of the DMCA</u>**

4.   The motion should be further denied because The Defendant, WorldStarHipHop, Inc., admission within its Memorandum of Law in Support of Defendant's Motion for Relief from Default, established that the Defendant, WorldStarHipHop, Inc., was not doing business as an internet service provider entity under the Digital Millennium Copyright Act ("DMCA") on November 19, 2010 when the video was posted to its website to establish the protection of the DMCA safe harbor provisions for service providers. See, Docket#50, Granick Mem.¶13 "World Star Hip Hop, Inc., was a defaulted corporation that was not doing business at the time the video was posted on the website worldstarhiphop.com"; But see, 17 U.S.C §512 (k)(1)(A)(B).

5.   Because the Defendant, WorldStarHipHop, Inc., was defunct, in combination with not designating an agent to receive notifications of claimed infringement, by making available on its website in a location accessible to the public, and by providing to the United States Copyright Office the name, address, phone number and electronic mail address of the Defendant, WorldStarHiphop, Inc., designated agent; Defendant, WorldStarHiphop, Inc., was not entitled to the limitations on liability established in the DMCA for copyright infringement claimed by the Plaintiff within the Amended Complaint. See, Docket#26, Am. Compl. ¶¶3-38; Docket#50, Granick Mem. ¶¶13-14; But See, 17 U.S.C. §512 (c) (2); <u>U.S. Copyright Office, Directory of Service Provider Agents for Notification of Claims of Infringement, Service Provider Agents List</u>; See

also, <u>Viacom International Inc., v. YouTube, Inc.</u>, 718 F.Supp.2d 514, 519 (S.D.N.Y. 2010) ("[D]efendants designated an agent, and when they received specific notice that a particular item infringed a copyright, they swiftly removed it."); Contra, Dokcet#61, Mem. of Law ¶¶6-12.

### Defendant acted as an Information Content Provider Outside of the Scope of the CDA

6. The motion should be further denied because the Defendant, WorldStarHipHop, Inc., was not immunized under the Communication Decency Act ("CDA"). The immunity provided by the CDA applies only where the information that forms the basis of the Plaintiff's state law claim has been provided "by another *information content provider*." 47 U.S.C. §230 (c) (1). "Information content provider" is defined in the statute as "any person or entity that is responsible, *in whole* or *in part, for the creation or development of information* provided through the Internet or any other interactive computer service" 47 U.S.C. §230 (f)(3). See, <u>Shiamili v. The Real Estate Group</u>, 68 A.D.3d 581, 583 (1 Dept. 2009); *aff'd* 2011 NY Slip Op 05111 (Ct. App. 2011).

7. A Defendant is therefore immune from state law liability if it is (1) a "provider or user of an interactive computer service"; (2) the complaint seeks to hold the defendant liable as a "publisher or speaker"; and (3) the action is based on "information provided by another information content provider". *Id*.

8. Defendant, WorldStarHipHop, Inc., admission within its Memorandum of Law in Support of Defendant's Motion for Relief from Default which the Defendant, WorldStarHipHop, Inc., relies upon to support its Motion to Dismiss the Amended Complaint in its Entirety which isn't a ground that a defense could be based upon

pursuant to Fed. R. Civ. P. Rule 12 (b), establishes that the Defendant, WorldStarHipHop, Inc., wasn't acting as a "provider or user of an interactive computer services" by reason of its defunct status when the video was posted to its website to immunized the Defendant, WorldStarHiphop, Inc., as an entity under the CDA as a provider of an interactive computer service. See, Docket#50, Granick Mem.¶13; But See, Shiamili v. The Real Estate Group, 68 A.D.3d 581, 583 (1 Dept. 2009); *aff'd* 2011 NY Slip Op 05111 (Ct. App. 2011).

9. Defendant, WorldStarHipHop, Inc., wasn't an entity immunized as a matter of law from any and all state law claims of the Plaintiff, Robert Scott pursuant to N.Y. Civil Rights Law §51 for posting the video that displayed the Plaintiff's, portrait, picture, image and likeness without the Plaintiff's written consent for commercial usage; notwithstanding the conduct displayed on said video. The New York State legislature enacted N.Y. Civil Rights Law §51 to protect the Plaintiff against invasions of privacy for purposes of advertising or trade. Defendant, WorldStarHipHop, Inc., was a defunct Nevada Business Corporation that engaged in unlawful advertisement without a corporate charter on November 19, 2010. See, Arrington v. New York Times Company, 55 N.Y.2d 433, 440 (Ct. App. 1982).

10. The Plaintiff contends that the Defendant, WorldStarHipHop, Inc., wasn't a lawful provider of an interactive computer service as defined by 47 U.S.C. §230. The principal issue in this case is whether Defendant, WorldStarHipHop, Inc., acted as an information content provider outside the scope of 47 U.S.C. §230 immunity when it provided access to the video that displayed the Plaintiff's, portrait, picture, image and likeness without the Plaintiff's written consent for commercial usage from November 19,

2010, to January 7, 2011. See, Docket#26, Am. Compl. 38; Docket#26, Am. Compl.Ex. B; Docket#50, Granick Mem.¶13; Compare 47 U.S.C. §230.

11.     In view of the following, it is respectfully submitted that the motion to dismiss the Plaintiff's Amended complaint in its Entirety be denied.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, New York  
February 6, 2012

x /s/ Robert Scott  
Robert Scott  
127 East 117 Street, Apt. 3E  
New York, NY 10035  
T: (646) 481-6623  
F: (646) 678-4733  
E: robertscott117@live.com

To:

Jennifer Stisa Granick, Esq.  
350 Townsend Street, Ste. 612  
San Francisco, CA 94107  
T: (415) 684-8111  
F: (415) 397-6309  
E: Jennifer@zwillgen.com

Scott Zarin, Esq.  
1700 Broadway, Suite 3100  
New York, NY 10019  
T: (212) 580-3131  
F: (212) 580-4393  
E: scottzarin@copyrighttrademarkcounsel.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------*

ROBERT SCOTT,

           Plaintiff,                      **AFFIRMATION OF SERVICE**

v.

WORLDSTARHIPHOP, INC.,               10-Cv-9538 (PKC) (RLE)

BERKELEY COLLEGE,

           Defendants.

------------------------------------------------------*

I, Robert Scott, declare under Penalty of perjury that I have served a copy of the attached Affirmation in Opposition to the Defendant, WorldStarHipHop, Inc., Motion to Dismiss the Amended Complaint in its Entirety upon Jennifer S. Granick, Esq., 350 Townsend Street, Ste. 612, San Francisco, CA 94107 and Granick@worldstarhiphop.com by facsimile transmission and electronic mail.

Dated: New York, NY
        February 6, 2012

Robert Scott
127 East 117 Street, Apt. 3E
New York, NY 10035
T: (646) 481-6623
F: (646) 678-4733
E: robertscott117@live.com