UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SCOTT,

                Plaintiff,                10 Civ. 9538 (PKC)(RLE)

    -against-

                                                MEMORANDUM
                                                AND ORDER

WORLDSTARHIPHOP, INC.,

                Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Robert Scott brings this action against defendant WorldStarHipHop, Inc., ("WorldStar") for copyright infringement and violation of plaintiff's state-law right of privacy, based on defendant's posting on its website, worldstarhiphop.com (the "website"), a video depicting plaintiff participating in a classroom brawl. Defendant now moves to dismiss these claims. For reasons explained, defendant's motion is granted in part and denied in part.

## BACKGROUND

        The Court discussed the background to this action in an earlier opinion dismissing plaintiff's claims against a co-defendant in this action. See 2011 WL 5082410. Familiarity with that opinion is assumed.

        Briefly, on November 18, 2010, a physical altercation began in a classroom at Berkeley College, where plaintiff was a student, between plaintiff's ex-girlfriend and his then-current girlfriend. Plaintiff joined the fray and punched one of the women several times. A fourth student, Mr. Omar Seymour, captured a portion of this fight—including plaintiff's involvement—with the video camera on his cell phone. Mr. Seymour promptly sent the video to WorldStar, and WorldStar posted the video on the website.

Thereafter, by agreement dated December 3, 2010, Mr. Seymour "irrevocably assign[ed] to [plaintiff] all rights, title and interest to the [video], including all copyright ownership and interest." (Am. Compl. Ex. L.) On December 4, 2010, plaintiff registered his copyright in the video. (See id. Exs. A, M.) Plaintiff registered the video with the title "Disgraceful: College fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots." (See id. Ex. A (errors in original).)

On the same day, plaintiff notified WorldStar of his ownership of the video and demanded that WorldStar "[r]emove all infringing content." Plaintiff alleges that WorldStar "disregarded" the notification and "continued to publish the work on its website" until plaintiff filed suit against WorldStar twelve days later. (Id. ¶ 38.)

## DISCUSSION

### I.   Legal Standard

WorldStar moves to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). All non-conclusory factual allegations of the non-movant are accepted as true, id. at 1949-50, and all reasonable inferences are drawn in favor of the non-movant, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). Affirmative defenses that are apparent on the face of a complaint may be raised and considered on a motion to dismiss. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998)

II.     Plaintiff States a Plausible Claim for Copyright Infringement.

Plaintiff claims that WorldStar infringed plaintiff's copyright in the video by posting and maintaining the content of the video on its website. "To establish a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) unauthorized copying or a violation of one of the other exclusive rights afforded copyright owners pursuant to the Copyright Act." Wolk v. Kodak Imaging Network, Inc., No. 10 Civ. 4135, 2012 WL 11270, *14 (S.D.N.Y. Jan. 3, 2012) (quotation and citation omitted). Plaintiff plausibly alleges both that he became the owner of the video on December 3, 2010, and that WorldStar maintained a copy of the video on its website without his authorization after that time. Therefore, plaintiff plausibly establishes a claim of copyright infringement against WorldStar.

WorldStar argues that two affirmative defenses shield it from liability, but neither is sufficiently apparent on the face of the amended complaint to be properly considered on this motion. First, WorldStar argues that it posted the video pursuant to a nonexclusive license from Mr. Seymour and that "any assignment was subject to the existing license." (Def. Mem. Supp. Mot. to Set Aside Default 7.) However, in order to prevail over a later transfer of rights, a nonexclusive license must be "evidenced by a written instrument signed by the owner of the rights licensed." 17 U.S.C. § 205(e). There is no indication in the Amended Compliant—or, for that matter, in WorldStar's papers—that the purported nonexclusive license was reduced to writing. Accordingly, the nonexclusive license, if it exists, does not support WorldStar's motion.

Second, WorldStar argues that the safe-harbor provisions of the Digital Millenium Copyright Act ("DMCA") foreclose plaintiff's claim. (Def. Mem. Supp. Mot. to Dismiss 3-6.) "To qualify for the 'safe harbor' provisions under the DMCA, a party must meet certain threshold requirements, including that the party (1) must be a "service provider" as defined by

the statute; (2) must have adopted and reasonably implemented a policy for the termination in appropriate circumstances of users who are repeat infringers; and (3) must not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works." Wolk, 2012 WL 11270 at *16; 17 U.S.C. § 512(i), (k).  Once these prerequisites are met, a service provider becomes eligible for safe harbor from liability for, among other things, "storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider."  17 U.S.C. § 512(c)(1).  In order to qualify for this safe harbor, the service provider must not have actual or constructive knowledge of the infringement or, when it gains such knowledge, must respond expeditiously to remove the infringing content; must not receive financial benefit directly attributable to the infringing activity, provided the service provider can control such activity; must maintain a designated agent to receive notices of claimed infringement; and must respond expeditiously to notices of claimed infringement.  17 U.S.C. § 512(c)(1)-(2).

       The Amended Complaint does not make apparent WorldStar's compliance with these various requirements, nor does WorldStar endeavor to explain its compliance.  Instead, WorldStar focuses on plaintiff's alleged failure to comply with the statutory requirements for effective notification of a copyright claim.  In order to constitute proper notification, the notification must (1) include the signature of a party authorized to act on behalf of the owner, (2) identify the copyrighted work, (3) identify the infringing material, (4) provide useful contact information for the complaining party, (5) state the complaining party's good faith belief that the use of the material is not authorized, and (6) state under penalty of perjury that the information in the notification is accurate.  17 U.S.C. § 512(c)(3)(A).  WorldStar points out that a notification that "fails substantially to comply" with these six provisions "shall not be considered" in

determining whether a service provider had knowledge of infringement, 17 U.S.C. § 512(c)(3)(B)(i), and argues that plaintiff's notice did not comply with provisions (5) and (6). However, the next paragraph of the statute states that the notification will be considered against the service provider if the notice complies substantially with provisions (2)-(4) listed above and the service provider fails to contact the complaining party or take other reasonable steps to obtain proper notification.  17 U.S.C. § 512(c)(3)(B)(ii).  Having not cited this paragraph, defendant does not address it.

No affirmative defense is apparent on the face of the Amended Complaint. WorldStar's motion to dismiss the copyright infringement claim is denied.

<u>Plaintiff Fails to State a Claim for Violation of Right of Privacy.</u>

Plaintiff claims that WorldStar's posting of the video on its website violated plaintiff's right of privacy under New York Law.  Under New York law, it is a misdemeanor for a "person, firm or corporation [to use] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person."  N.Y. Civ. Rights Law § 50; <u>see also id.</u> § 51 (establishing private right of action). "A name, portrait, or picture is used 'for advertising purposes' if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service."  <u>Beverly v. Choices Women's Med. Ctr.</u>, 78 N.Y.2d 745, 751 (1991) (citing <u>Flores v. Mosler Safe Co.</u>, 7 N.Y.2d 276, 279, 284 (1959)).  Here, Plaintiff does not allege that WorldStar distributed the video as part of an advertisement or solicitation for patronage for its website or any other product.  Therefore, the use of plaintiff's likeness in the video was not for advertising purposes.

The use of plaintiff's likeness also was not for "for the purposes of trade." Although this is the "more problematic branch of sections 50 and 51 [and] not susceptible to ready definition," Davis v. High Soc'y Magazine, 457 N.Y.S.2d 308, 313 (2d Dept. 1982), it is settled that use of a name or picture in the media in connection with a newsworthy event or matter of public interest is, as a matter of law, not a use for the purposes of trade. See id.; Messenger ex rel. Messenger v. Gruner Jahr Printing & Publ'g, 94 N.Y.2d 436, 441-42 (2000); Beverly, 78 N.Y.2d at 752. "This is true irrespective of the fact that such publications are carried on largely, and even primarily, to make a profit." Davis, 457 N.Y.S.2d at 313.

The concept of "'newsworthiness' is to be broadly construed" in order to advance the statutory and First Amendment value of uninhibited discussion of newsworthy topics. Messenger, 94 N.Y.2d at 441-42. Accordingly, "[n]ewsworthiness includes not only descriptions of actual events, but also articles concerning political happenings, social trends or any subject of public interest." Id. (citations omitted). There is no requirement that the report concern "hard news." Id. at 442. Examples of permissible uses include reproduction of names or likenesses in broadcasting the halftime show of a football game, see, e.g., Gautier v. Pro-Football, Inc., 304 N.Y. 354 (1952); reporting details of a matrimonial action, see, e.g., Freihofer v. Hearst Corp., 65 N.Y.2d 135 (1985); reporting on fashions, see, e.g., Stephano v. News Group Publishers, 64 N.Y.2d 174 (1984); and presenting "make-over" pictures in Seventeen magazine, see, e.g., Lopez v. Triangle Comm'ns, 421 N.Y.S.2d 57 (1st Dept. 1979). In contrast, the cases that have sustained a right to recovery under Section 51 for purportedly newsworthy items involve either no real relationship between the use of the plaintiff's likeness and the matter of public interest or substantial falsification of the plaintiff's story. Davis, 457 N.Y.S.2d at 314.

In this case, the video meets the requirements of the newsworthiness exception. It is a recording "of actual events," Messenger, 94 N.Y.2d at 442, and it has not been edited, repackaged, or falsified in any way. The "actual events" recorded took place in public, in a classroom in a federally-funded school in Manhattan, and included a violent altercation among college-age students, the reactions of other students, and the apparent absence of prompt administrative response. The video of these events is a matter of valid public interest. It is immaterial that WorldStar's posting of the video was presumably intended to draw viewers to its site. See id. at 442; Davis, 457 N.Y.S.2d at 313. Therefore, plaintiff's claim under Sections 50 and 51 is dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (ECF No. 60) is GRANTED as to plaintiff's right of privacy claim and DENIED as to plaintiff's copyright infringement claim.

While defendant's motion to dismiss was pending before this Court, plaintiff filed a motion for summary judgment on the same claims. Plaintiff did not comply with this Court's Individual Rules of Practice or the Local Rules of this District regarding motions for summary judgment. Pursuant to this Court's authority under Rule 16(c)(2)(E), Fed. R. Civ. P., plaintiff's motion for summary judgment (ECF No. 67) is DENIED without prejudice to renewing the motion at the close of fact discovery. Plaintiff is directed to consult this Court's Individual Rules and Practices and the Local Rules, which are both available at nysd.uscourts.gov, before making a renewed motion.

Also while defendant's motion to dismiss was pending, defendant's counsel, Jennifer Granick, moved to withdraw as counsel due to the end of her employment with

8

defendant. Local counsel Scott Zarin has filed a notice of appearance and remains involved in this case. Ms. Granick's motion to withdraw (ECF No. 66) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 2, 2012