UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------*

ROBERT SCOTT,

                        Plaintiff,

WORLDSTARHIPHOP, INC.,

BERKELEYCOLLEGE,

                        Defendant.

-------------------------------------------------------------*

**NOTICE OF MOTION**

10 Civ. 9538 (RLE) (PKE)

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Robert Scott, affirmed on June 11, 2012, and upon the annexed affirmation with exhibits A-B attached thereto, and the pleadings herein, Plaintiff will move this Court, before the Hon. Ronald L. Ellis, United States Magistrate Judge, for an order pursuant to Rule 12 (f) (2) of the Federal Rules of Civil Procedure granting Plaintiff motion to strike because Defendant, WorldStarHipHop, Inc., affirmative defenses contained within its June 11, 2012, answer are insufficient under Rule 12 (h) (1) of the Federal Rules of Civil Procedure.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, NY
       June 11, 2012



Robert Scott, Pro se

RECEIVED
JUN 12 2012
PRO SE OFFICE

1 | Page

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------*

ROBERT SCOTT,

                       Plaintiff,              **AFFIRMATION IN SUPPORT**
                                                 **OF MOTION TO STRIKE**

WORLDSTARHIPHOP, INC.,

BERKELEYCOLLEGE,                              10 Civ. 9538 (RLE) (PKE)

                        Defendant.

-------------------------------------------------------------*

I, Robert Scott, **affirm under penalty of perjury** that:

1.       I, Robert Scott, am the Plaintiff in the above entitled action, and respectfully move this Court pursuant to Federal Rules of Civil Procedure Rule 12 (f) to issue an order striking the Defendant, WorldStarHipHop, Inc., unallowable responsive answer last eleven paragraphs that asserts numerous conclusory affirmative defenses that has been waived by consequence of Federal Rules of Civil Procedure Rule 12 (h) (1).

2.       The reason why I am entitled to the relief I seek is the following:

**PLAINTIFF ROBERT SCOTT'S MOTION TO STRIKE DEFENDANT**

**WORLDSTARHIPHOP, INC. AFFIRMATIVES DEFENSES**

3.       Pursuant to Rule 12 (a)(4)(A) and Rule 12 (f) of the Federal Rules of Civil Procedure, Plaintiff, Robert Scott, moves to strike Defendant, WorldStarHipHop, Inc.'s affirmative defenses for failure to satisfy the Federal Rules of Civil Procedure pleading requirements.

## I.    FACTS AND PROCEDURAL STATUS

4.      On May 2, 2012, the Hon. P. Kevin Castel denied Defendant, WorldStarHipHop, Inc. motion to dismiss in part under Federal Rules of Civil Procedure Rule 12 (b)(6) based on the Plaintiff copyright infringement claim and denied in part Plaintiff right to privacy claim under the Laws of the State of New York. See, Exhibit A.

5.      On June 11, 2012, Defendant, WorldStarHipHop, Inc., acting through its counsel Mr. Scott Zarin, filed an unallowable answer  in violation of Federal Rules of Civil Procedure  Rule 12 (a)(4)(A)    forty days (40) after the Court partially denied the Defendant, WorldStarHipHop, Inc.  motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12 (b) (6). Under Federal Rules of Civil Procedure  Rule 12 (a)(4)(A), the Defendant, WorldStarHipHop, Inc. was obligated to serve a responsive pleading within fourteen days (14) after the Hon. P. Kevin Castel notice of the court action partially denied the Defendant, WorldStarHipHop, Inc. motion to dismiss under Federal Rules of Civil Procedure Rule 12 (b)(6). See, Exhibit B.

6.      The unallowable responsive answer last eleven paragraphs asserts numerous conclusory affirmative defenses that has been waived by consequence of Federal Rules of Civil Procedure Rule 12 (h) (1) and without pleading any facts that form the basis for these defenses.

7.      Because Defendant, WorldStarHipHop, Inc., affirmative defenses are insufficient under Rule 12 (h) (1) of the Federal Rules of Civil Procedure, the Court should dismiss or strike those portions of Defendant, WorldStarHipHop, Inc., original answer to the Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12 (f).

**WHEREFORE,** I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: New York, NY
June 11, 2012

Robert Scott, Pro se

127 East 117 Street, #3E

New York, NY 10035

T: 646.481.6623

F: 646.678.4733

E: robertscott117@live.com

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT SCOTT,

                    Plaintiff,                          10 Civ. 9538 (PKC)(RLE)

      -against-

                                          MEMORANDUM
                                          <u>AND ORDER</u>

WORLDSTARHIPHOP, INC.,

                    Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Robert Scott brings this action against defendant WorldStarHipHop, Inc.,

("WorldStar") for copyright infringement and violation of plaintiff's state-law right of privacy,

based on defendant's posting on its website, worldstarhiphop.com (the "website"), a video

depicting plaintiff participating in a classroom brawl. Defendant now moves to dismiss these

claims. For reasons explained, defendant's motion is granted in part and denied in part.

<u>BACKGROUND</u>

        The Court discussed the background to this action in an earlier opinion dismissing

plaintiff's claims against a co-defendant in this action. <u>See</u> 2011 WL 5082410. Familiarity with

that opinion is assumed.

        Briefly, on November 18, 2010, a physical altercation began in a classroom at

Berkeley College, where plaintiff was a student, between plaintiff's ex-girlfriend and his then-

current girlfriend. Plaintiff joined the fray and punched one of the women several times. A

fourth student, Mr. Omar Seymour, captured a portion of this fight—including plaintiff's

involvement—with the video camera on his cell phone. Mr. Seymour promptly sent the video to

WorldStar, and WorldStar posted the video on the website.

Thereafter, by agreement dated December 3, 2010, Mr. Seymour "irrevocably assign[ed] to [plaintiff] all rights, title and interest to the [video], including all copyright ownership and interest." (Am. Compl. Ex. L.) On December 4, 2010, plaintiff registered his copyright in the video. (See id. Exs. A, M.) Plaintiff registered the video with the title "Disgraceful: College fight in NYC Breaks Out Between A Guy, His Girl and Another Girl in Class! (Man Strong Arm's The Student. Hitting Her with Body Shots." (See id. Ex. A (errors in original).)

On the same day, plaintiff notified WorldStar of his ownership of the video and demanded that WorldStar "[r]emove all infringing content." Plaintiff alleges that WorldStar "disregarded" the notification and "continued to publish the work on its website" until plaintiff filed suit against WorldStar twelve days later. (Id. ¶ 38.)

## DISCUSSION

I.    Legal Standard

WorldStar moves to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). All non-conclusory factual allegations of the non-movant are accepted as true, id. at 1949-50, and all reasonable inferences are drawn in favor of the non-movant, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007). Affirmative defenses that are apparent on the face of a complaint may be raised and considered on a motion to dismiss. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998)

II.    Plaintiff States a Plausible Claim for Copyright Infringement.

Plaintiff claims that WorldStar infringed plaintiff's copyright in the video by posting and maintaining the content of the video on its website. "To establish a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) unauthorized copying or a violation of one of the other exclusive rights afforded copyright owners pursuant to the Copyright Act." Wolk v. Kodak Imaging Network, Inc., No. 10 Civ. 4135, 2012 WL 11270, *14 (S.D.N.Y. Jan. 3, 2012) (quotation and citation omitted). Plaintiff plausibly alleges both that he became the owner of the video on December 3, 2010, and that WorldStar maintained a copy of the video on its website without his authorization after that time. Therefore, plaintiff plausibly establishes a claim of copyright infringement against WorldStar.

WorldStar argues that two affirmative defenses shield it from liability, but neither is sufficiently apparent on the face of the amended complaint to be properly considered on this motion. First, WorldStar argues that it posted the video pursuant to a nonexclusive license from Mr. Seymour and that "any assignment was subject to the existing license." (Def. Mem. Supp. Mot. to Set Aside Default 7.) However, in order to prevail over a later transfer of rights, a nonexclusive license must be "evidenced by a written instrument signed by the owner of the rights licensed." 17 U.S.C. § 205(e). There is no indication in the Amended Compliant—or, for that matter, in WorldStar's papers—that the purported nonexclusive license was reduced to writing. Accordingly, the nonexclusive license, if it exists, does not support WorldStar's motion.

Second, WorldStar argues that the safe-harbor provisions of the Digital Millenium Copyright Act ("DMCA") foreclose plaintiff's claim. (Def. Mem. Supp. Mot. to Dismiss 3-6.) "To qualify for the 'safe harbor' provisions under the DMCA, a party must meet certain threshold requirements, including that the party (1) must be a "service provider" as defined by

3

the statute; (2) must have adopted and reasonably implemented a policy for the termination in appropriate circumstances of users who are repeat infringers; and (3) must not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works." Wolk, 2012 WL 11270 at *16; 17 U.S.C. § 512(i), (k).  Once these prerequisites are met, a service provider becomes eligible for safe harbor from liability for, among other things, "storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider." 17 U.S.C. § 512(c)(1).  In order to qualify for this safe harbor, the service provider must not have actual or constructive knowledge of the infringement or, when it gains such knowledge, must respond expeditiously to remove the infringing content; must not receive financial benefit directly attributable to the infringing activity, provided the service provider can control such activity; must maintain a designated agent to receive notices of claimed infringement; and must respond expeditiously to notices of claimed infringement.  17 U.S.C. § 512(c)(1)-(2).

The Amended Complaint does not make apparent WorldStar's compliance with these various requirements, nor does WorldStar endeavor to explain its compliance.  Instead, WorldStar focuses on plaintiff's alleged failure to comply with the statutory requirements for effective notification of a copyright claim.  In order to constitute proper notification, the notification must (1) include the signature of a party authorized to act on behalf of the owner, (2) identify the copyrighted work, (3) identify the infringing material, (4) provide useful contact information for the complaining party, (5) state the complaining party's good faith belief that the use of the material is not authorized, and (6) state under penalty of perjury that the information in the notification is accurate.  17 U.S.C. § 512(c)(3)(A). WorldStar points out that a notification that "fails substantially to comply" with these six provisions "shall not be considered" in

4

determining whether a service provider had knowledge of infringement, 17 U.S.C. § 512(c)(3)(B)(i), and argues that plaintiff's notice did not comply with provisions (5) and (6). However, the next paragraph of the statute states that the notification will be considered against the service provider if the notice complies substantially with provisions (2)-(4) listed above and the service provider fails to contact the complaining party or take other reasonable steps to obtain proper notification.  17 U.S.C. § 512(c)(3)(B)(ii).  Having not cited this paragraph, defendant does not address it.

No affirmative defense is apparent on the face of the Amended Complaint. WorldStar's motion to dismiss the copyright infringement claim is denied.

### Plaintiff Fails to State a Claim for Violation of Right of Privacy.

Plaintiff claims that WorldStar's posting of the video on its website violated plaintiff's right of privacy under New York Law.  Under New York law, it is a misdemeanor for a "person, firm or corporation [to use] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person."  N.Y. Civ. Rights Law § 50; see also id. § 51 (establishing private right of action). "A name, portrait, or picture is used 'for advertising purposes' if it appears in a publication which, taken in its entirety, was distributed for use in, or as part of, an advertisement or solicitation for patronage of a particular product or service."  Beverly v. Choices Women's Med. Ctr., 78 N.Y.2d 745, 751 (1991) (citing Flores v. Mosler Safe Co., 7 N.Y.2d 276, 279, 284 (1959)).  Here, Plaintiff does not allege that WorldStar distributed the video as part of an advertisement or solicitation for patronage for its website or any other product.  Therefore, the use of plaintiff's likeness in the video was not for advertising purposes.

The use of plaintiff's likeness also was not for "for the purposes of trade." Although this is the "more problematic branch of sections 50 and 51 [and] not susceptible to ready definition," Davis v. High Soc'y Magazine, 457 N.Y.S.2d 308, 313 (2d Dept. 1982), it is settled that use of a name or picture in the media in connection with a newsworthy event or matter of public interest is, as a matter of law, not a use for the purposes of trade. See id.; Messenger ex rel. Messenger v. Gruner Jahr Printing & Publ'g, 94 N.Y.2d 436, 441-42 (2000); Beverly, 78 N.Y.2d at 752. "This is true irrespective of the fact that such publications are carried on largely, and even primarily, to make a profit." Davis, 457 N.Y.S.2d at 313.

The concept of "'newsworthiness' is to be broadly construed" in order to advance the statutory and First Amendment value of uninhibited discussion of newsworthy topics. Messenger, 94 N.Y.2d at 441-42. Accordingly, "[n]ewsworthiness includes not only descriptions of actual events, but also articles concerning political happenings, social trends or any subject of public interest." Id. (citations omitted). There is no requirement that the report concern "hard news." Id. at 442. Examples of permissible uses include reproduction of names or likenesses in broadcasting the halftime show of a football game, see, e.g., Gautier v. Pro-Football, Inc., 304 N.Y. 354 (1952); reporting details of a matrimonial action, see, e.g., Freihofer v. Hearst Corp., 65 N.Y.2d 135 (1985); reporting on fashions, see, e.g., Stephano v. News Group Publishers, 64 N.Y.2d 174 (1984); and presenting "make-over" pictures in Seventeen magazine, see, e.g., Lopez v. Triangle Comm'ns, 421 N.Y.S.2d 57 (1st Dept. 1979). In contrast, the cases that have sustained a right to recovery under Section 51 for purportedly newsworthy items involve either no real relationship between the use of the plaintiff's likeness and the matter of public interest or substantial falsification of the plaintiff's story. Davis, 457 N.Y.S.2d at 314.

6

In this case, the video meets the requirements of the newsworthiness exception. It is a recording "of actual events," Messenger, 94 N.Y.2d at 442, and it has not been edited, repackaged, or falsified in any way. The "actual events" recorded took place in public, in a classroom in a federally-funded school in Manhattan, and included a violent altercation among college-age students, the reactions of other students, and the apparent absence of prompt administrative response. The video of these events is a matter of valid public interest. It is immaterial that WorldStar's posting of the video was presumably intended to draw viewers to its site. See id. at 442; Davis, 457 N.Y.S.2d at 313. Therefore, plaintiff's claim under Sections 50 and 51 is dismissed.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (ECF No. 60) is GRANTED as to plaintiff's right of privacy claim and DENIED as to plaintiff's copyright infringement claim.

While defendant's motion to dismiss was pending before this Court, plaintiff filed a motion for summary judgment on the same claims. Plaintiff did not comply with this Court's Individual Rules of Practice or the Local Rules of this District regarding motions for summary judgment. Pursuant to this Court's authority under Rule 16(c)(2)(E), Fed. R. Civ. P., plaintiff's motion for summary judgment (ECF No. 67) is DENIED without prejudice to renewing the motion at the close of fact discovery. Plaintiff is directed to consult this Court's Individual Rules and Practices and the Local Rules, which are both available at nysd.uscourts.gov, before making a renewed motion.

Also while defendant's motion to dismiss was pending, defendant's counsel, Jennifer Granick, moved to withdraw as counsel due to the end of her employment with

7

defendant. Local counsel Scott Zarin has filed a notice of appearance and remains involved in this case. Ms. Granick's motion to withdraw (ECF No. 66) is GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
May 2, 2012

8

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | Case No. 10-CV-9538 (PKC/RLE) |
| ROBERT SCOTT | : |  |
| an individual, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **Defendant Worldstar** |
| vs. | : | **Hip Hop, Inc.'s** |
|  | : | **Answer to** |
| WORLDSTARHIPHOP, INC., | : | **Amended Complaint** |
| BERKELEY COLLEGE, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

-----------------------------------------------------------x

Defendant Worldstar Hip Hop, Inc. ("Defendant Worldstar Hip Hop"),

wrongly sued as Worldstarhiphop, Inc., by and through its attorneys, Zarin &

Associates P.C., answers Plaintiff Robert Scott's ("Plaintiff Scott") Amended

Complaint as follows:

## PARTIES

1.     Defendant Worldstar Hip Hop denies knowledge and information

sufficient to form a belief as to the truth or falsity of the allegations contained in

paragraph 1 of the Amended Complaint.

2.     Defendant Worldstar Hip Hop admits the allegation contained in

paragraph 2 of the Amended Complaint that Defendant is a Nevada corporation,

but denies the remaining allegations in this paragraph.

3.     Defendant Worldstar Hip Hop admits the allegation contained in paragraph 3 of the Amended Complaint that Defendant is a corporation operated by Lee Q. Odenat, but denies the remaining allegations in this paragraph.

4.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Amended Complaint.

5.     Defendant Worldstar Hip Hop denies the allegation contained in paragraph 5 of the Amended Complaint that Defendant "illegally published the work" at issue in violation of Plaintiff's rights, but denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

6.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Amended Complaint.

## JURISDICTION

7.     Defendant Worldstar Hip Hop admits the allegation contained in paragraph 7 of the Amended Complaint that the Court has subject matter jurisdiction over Plaintiff's copyright infringement claim, but this allegation as it relates to any other claims Plaintiff has asserted against Defendant.

8.      Defendant Worldstar Hip Hop denies the allegations contained in paragraph 8 of the Amended Complaint.

## VENUE

9.      Defendant Worldstar Hip Hop denies the allegations contained in paragraph 9 of the Amended Complaint.

## BACKGROUND

10.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint.

11.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint.

12.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint.

13.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint.

16.    Defendant Worldstar Hip Hop admits the allegation contained in paragraph 16 of the Amended Complaint that, on or around November 19, 2010, it published on its website, www.worldstarhiphop.com, a video provided to it by Omar Seymour, but denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

17.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Amended Complaint.

18.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Amended Complaint.

19.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Amended Complaint.

4

20.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Amended Complaint.

21.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Amended Complaint.

22.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Amended Complaint.

23.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Amended Complaint.

24.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Amended Complaint.

25.    Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Amended Complaint.

26.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Amended Complaint.

32.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Amended Complaint.

34.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendant Worldstar Hip Hop denies the allegation contained in paragraph 35 of the Amended Complaint that, on or around December 4, 2010, he "secured registration of the copyright in the Work," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

36.     Defendant Worldstar Hip Hop denies the allegations contained in paragraph 36 of the Amended Complaint.

37.     Defendant Worldstar Hip Hop denies the allegation contained in paragraph 37 of the Amended Complaint that, on or around December 4, 2010, he "adequately register[ed] the Work" at issue with the United States Copyright Office, admits that he "notified" Defendant Worldstar Hip Hop that he was the copyright

holder of the Work and that he demanded Defendant Worldstar Hip Hop to cease and desist its use of the Work, but denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

38.   Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Amended Complaint that ownership of the Work at issue was "distinct from the ownership of the material object in which the work was embodied," and denies the remaining allegations in this paragraph.

39.   Defendant Worldstar Hip Hop denies the allegation contained in paragraph 39 of the Amended Complaint that, from December 4, 2010 through December 16, 2010, the Work at issue was "unlawfully published" by Defendant and that Defendant "didn't comply with the statutory requirements of the Digital Millennium Copyright Act," and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

40.   Defendant Worldstar Hip Hop denies the allegation contained in paragraph 40 of the Amended Complaint that, beginning on December 4, 2010, Defendant "received adequate notice that Plaintiff, Robert Scott, held all the exclusive rights" to the Work and that the use of Plaintiff's "picture, portrait, image and likeness" on Defendant's website constitutes a violation of Plaintiff's right to privacy, and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

8

41.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint.

## FIRST CAUSE OF ACTION
### (Violation of Right to Privacy Pursuant to N.Y. Civil Rights Law)

42.     Defendant Worldstar Hip Hop repeats and realleges each and every response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

43.     Defendant Worldstar Hip Hop need not respond to the allegations contained in paragraph 43 of the Amended Complaint because Plaintiff's right to privacy claim as it relates to Defendant Worldstar Hip Hop has been dismissed, but Defendant nonetheless denies the allegations contained in this paragraph to the extent that they relate to it and denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph to the extent that they do not relate to Defendant.

44.     Defendant Worldstar Hip Hop need not respond to the allegations contained in paragraph 44 of the Amended Complaint because Plaintiff's right to privacy claim as it relates to Defendant Worldstar Hip Hop has been dismissed, but Defendant nonetheless denies the allegations contained in this paragraph to the extent that they relate to it and denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph to the extent that they do not relate to Defendant.

## SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

45.     Defendant Worldstar Hip Hop repeats and realleges each and every response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

46.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Amended Complaint.

47.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Amended Complaint.

48.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Amended Complaint.

49.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Amended Complaint.

50.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### (Sex Discrimination in Violation of 20 U.S.C. §1681)

51.     Defendant Worldstar Hip Hop repeats and realleges each and every response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

52.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Amended Complaint.

53.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### (Retaliation for Filing a Sex Discrimination Complaint in Violation of 20 U.S.C. §1681)

54.     Defendant Worldstar Hip Hop repeats and realleges each and every response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

55.     Defendant Worldstar Hip Hop denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
### (Copyright Infringement in Violation of 17 U.S.C. §101)

11

56.     Defendant Worldstar Hip Hop repeats and realleges each and every response contained in paragraphs 1 through 41 of this Answer as if fully set forth herein.

57.     Defendant Worldstar Hip Hop denies the allegations contained in paragraph 57 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks personal jurisdiction over Defendant Worldstar Hip Hop.

### Third Affirmative Defense

Plaintiff lacks standing to bring his claim for copyright infringement.

### Fourth Affirmative Defense

Plaintiff lacks the necessary ownership rights in the video Work at issue to bring his copyright infringement claim.

### Fifth Affirmative Defense

Plaintiff lacks the prerequisite registration from the Copyright Office to assert his copyright infringement claim.

### Sixth Affirmative Defense

Plaintiff's copyright infringement claim is barred by the Digital Millennium Copyright Act, 17 U.S.C. §512.

### Seventh Affirmative Defense

Plaintiff's copyright infringement claim is barred by the doctrine of fair use.

### Eighth Affirmative Defense

Plaintiff is estopped from asserting his copyright infringement claim.

### Ninth Affirmative Defense

Plaintiff has waived his right to assert his copyright infringement claim.

### Tenth Affirmative Defense

Plaintiff has acquiesced to Defendant's conduct.

### Eleventh Affirmative Defense

Plaintiff is barred from asserting his copyright infringement claim due to his unclean hands.

WHEREFORE, Defendant Worldstar Hip Hop demands a judgment dismissing Plaintiff Scott's Amended Complaint, along with an award of costs, disbursements and reasonable attorney fees, in addition to such other relief as this Court deems just and proper.

Dated:   June 11, 2012

_____
Scott Zarin, Esq.
Zarin & Associates, P.C.
1700 Broadway, Suite 3100
New York, NY 10019
Tel:   (212) 580-3131
Fax:   (212) 580-4393

Attorneys for Defendant
Worldstar Hip Hop, Inc.

14

## Certificate of Service

I, Scott Zarin, declare, under penalty of perjury, that on June 11, 2012, I caused to be served in *Scott v. Worldstarhiphop, Inc.*, S.D.N.Y. Case No. 10-9538, via e-mail and First Class U.S. Mail:

**Defendant Worldstar Hip Hop, Inc.'s Answer to Amended Complaint**

on *pro se* Plaintiff:

>    Robert Scott
>    127 East 117th Street, Apt. 3E
>    New York, NY 10035
>    robertscott117@live.com

6/11/12

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SCOTT
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

WORLDSTARHIPHOP INC
_____

BERKELEY COLLEGE
_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

10 Civ. 9538 (RLE) (PKC)

**AFFIRMATION OF SERVICE**

I, ROBERT SCOTT _____, declare under penalty of perjury that I have
           *(name)*

served a copy of the attached NOTION OF MOTION, AFFIRMATION IN SUPPORT OF MOTION AND EXHIBITS
                              *(document you are serving)*

upon SCOTT ZARIN, ESQ. _____ whose address is 1700 BROADWAY,
     *(name of person served)*

SUITE 3100, NEW YORK, NY 10019-5905
_____
                    *(where you served document)*

by VIA E-MAIL AND U.S. FIRST CLASS MAIL
_____
     *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: NEW YORK , NY
       *(town/city)* *(state)*

JUNE , 11 , 20 12
*(month)* *(day)* *(year)*

_____
*Signature*

127 EAST 117 STREET, #3E
_____
*Address*

NEW YORK, NY
_____
*City, State*

10035
_____
*Zip Code*

646.481.6623
_____
*Telephone Number*

*Rev. 05/2010*