UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
:                  Case No. 10-CV-9538 (PKC/RLE)
ROBERT SCOTT,                          :
an individual,                              :
:
            Plaintiff,              :
:                  **DEFENDANT'S RESPONSE**
vs.                                         :                  **TO PLAINTIFF'S MOTION**
:                  **TO STRIKE AFFIRMATIVE**
WORLDSTARHIPHOP, INC.,             :                  **DEFENSES**
BERKELEY COLLEGE,                   :
:
            Defendants.            :
:
-------------------------------------------------------------x

COMES NOW Defendant Worldstar Hip Hop, Inc. ("Defendant"), by and

through its attorneys, Zarin & Associates P.C., with this response to Plaintiff Robert

Scott's ("Plaintiff") motion to strike affirmative defenses from Defendant's answer to

Plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(f) (D.E. 75).


I.      Argument

Plaintiff appears to request the Court to strike the eleven (11) affirmative

defenses Defendant has asserted in its answer to Plaintiff's amended complaint on

two separate and distinct grounds.  First, Plaintiff contends that Defendant's

affirmative defenses should be stricken pursuant to Fed. R. Civ. P. 12(h)(1).  Second,

Plaintiff apparently argues that these affirmative defenses should be stricken,

pursuant to Fed. R. Civ. P. 12(f), on the ground that Defendant belatedly filed its

answer to Plaintiff's amended complaint.

A.   **Fed. R. Civ. P. 12(h)(1) Does Not Authorize The Court To Strike Defendant's Affirmative Defenses**

Fed. R. Civ. P. 12(h)(1) provides:

> A defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Fed. R. Civ. P. 12(h)(1). By its terms, this rule *only* applies to one (1) of Defendant's affirmative defenses, Defendant's second affirmative defense; that is, lack of personal jurisdiction. Accordingly, because Rule 12(h)(1) is inapplicable to Defendant's remaining ten (10) affirmative defenses, Plaintiff's argument that these remaining ten (10) defenses must be stricken pursuant to this rule utterly lacks merit. To the extent that Plaintiff requests the Court to strike Defendant's lack of personal jurisdiction affirmative defense, Defendant abandons this defense and does not object to the striking of this singular defense.

B.   **The Court Cannot Strike Defendant's Affirmative Defenses Pursuant To Fed. R. Civ. P. 12(f)**

With respect to Plaintiff's apparent argument that Defendant's affirmative defenses should be stricken, pursuant to Fed. R. Civ. P. 12(f), on the ground that Defendant untimely filed its answer to Plaintiff's amended complaint, this argument also lacks merit for two separate and distinct reasons.

### 1.    Defendant Has Asserted Meritorious Affirmative Defenses

First, a court only has authority to strike from an answer, under rule 12(f),

"any *insufficient defense* or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f) (emphasis supplied).  This Court has stated that:

> [M]otions to strike are generally disfavored and will be denied unless it is clear
> that under no circumstances could the defense succeed.  To this end, a
> defendant's pleading must be construed liberally.  A motion to strike an
> affirmative defense should be denied where the defense is sufficient as a
> matter of law or fairly presents a question of law or fact that the court should
> hear at trial.  Finally, to prevail on a motion to strike, the movant must show
> that he will be prejudiced by inclusion of the defense.

*Connell v. City of New York*, 230 F.Supp.2d 432, 438 (S.D.N.Y. 2002) (citations

omitted).  The only reason offered by Plaintiff for striking Defendant's affirmative

defenses is that, in violation Fed. R. Civ. P. (a)(4)(A), Defendant filed its answer to

Plaintiff's amended complaint on June 11, 2012, more than fourteen (14) days after

this Court issued its order on Defendant's motion to dismiss that complaint on May

3, 2012 (D.E. 69); that is, nineteen (19) days late.

Courts have held that untimeliness in itself is an inadequate basis for striking

an affirmative defense under rule 12(f).  See e.g. *Goossens v. D.E.C. Officer Wade*, 2010

U.S. Dist. LEXIS 64866 at *9 (June 29, 2010 W.D.N.Y. 2010) ("[A] fair reading of

Plaintiff's motion to strike demonstrates that Plaintiff requests that Defendants'

answer be stricken because it was filed untimely . . . . Plaintiff does not contend that

any specific defense asserted by Defendants in the Answer is baseless, nor that the

Answer alleges improper matter.  Accordingly, Plaintiff has failed to put forth any

grounds for striking the Answer and, as such, Plaintiff's motion to strike should also

be denied."); *Bugoni v. Charles*, 2012 U.S. Dist. LEXIS 77258 at *10 (June 4, 2012 S.D.OH) ("[Plaintiff] has not demonstrated a need to strike the Defendants' Answer in this case, other than his argument that it was untimely filed. The Court cannot say that the Defendants' Answer to [Plaintiff's] Complaint has no possible relation to the controversy.")

Moreover, Defendant's affirmative defenses, in particular its lack of standing, lack of copyright ownership rights, fair use and Digital Millennium Copyright Act ("DMCA") affirmative defenses, are all sufficient as a matter of law to defeat Plaintiff's remaining claim against Defendant for copyright infringement and implicate legal and factual questions for the Court and fact-finder to decide. For example, in its order on Defendant's motion to dismiss, the Court acknowledged the validity of Defendant's DMCA affirmative defense, but declined to grant Defendant's request for dismissal of Plaintiff's copyright infringement claim based upon this defense on the ground that it implicated factual questions. (D.E. 69, pp. 2-5)

Furthermore, Plaintiff has failed to demonstrate any prejudice which it has experienced as a consequence of Defendant's short nineteen (19) day delay in filing its answer to Plaintiff's amended complaint. On the contrary, Plaintiff has not experienced any such prejudice. Plaintiff was fully aware of the majority of Defendant's affirmative defenses, including its DMCA and lack of copyright ownership and therefore standing defenses, since the time Defendant filed a motion to set aside its default on November 19, 2011 (DE 49, 50). Moreover, when Defendant informed the Court that it intended to file its motion to dismiss, on

4

December 16, 2011 (DE 57), the Court suspended discovery until the time it resolved

this motion. Plaintiff therefore has had ample opportunity, *after* the Court issued its

order on Defendant's motion to dismiss on May 3, 2012 and *before* the close of

discovery which will occur on November 2, 2012, to take discovery related to

Defendant's affirmative defenses, which Defendant articulated in its motion to set

aside default filed on November 19, 2011 and reiterated and laid out in full in its

answer to Plaintiffs' amended complaint filed on June 11, 2012.

### 2.    A Hypothetical Default Would Necessarily Be Set Aside

Second, Plaintiff's argument that Defendant's affirmative defenses should be

stricken pursuant to rule 12(f) must also fail, because rule 12(f) does not provide the

Court with authority to strike affirmative defenses on the ground that they were

asserted untimely. In *Car-Freshener Co. v. Air Freshener, Inc.*, 2012 U.S. Dist. LEXIS

112826 (August 10, 2012 N.D.N.Y.), the Court explained that:

> where a motion to strike an answer is based on untimeliness, such a motion
> does not properly arise under *Fed. R. Civ. P. 12(f)*, which regards only "an
> insufficient defense or any redundant, immaterial, impertinent, or scandalous
> matter." Rather, such a motion properly arises under the Court's authority to
> enforce the deadline for filing an answer established by *Fed. R. Civ. P. 12(a)(2)*
> (and any relevant Local Rules of Practice). Generally, such a motion is
> governed by the same standard that governs a motion to set aside an entry of
> default.

*Car-Freshener Co.*, 2012 U.S. Dist. LEXIS 112826 at *12 (citations omitted); see also

*Youth Alive v. Hauppauge School District*, 2011 U.S. LEXIS 113628 at *9-10 (September

30, 2011 E.D.N.Y.)

In the event the Court construes Plaintiff's request to strike pursuant to rule

12(f) instead as a request for a default, as did the *Car-Freshener Co.* court, this Court

5

should decline to grant this request because, under the standards for setting aside a default, the Court would necessarily be required to set aside such a default.  In *Youth Alive v. Hauppauge School District*, the Court pointed out that

> The Second Circuit has directed district courts to consider three criteria in determining whether good cause exists to set aside an entry of default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.

*Youth Alive*, 2011 U.S. LEXIS 113628 at *10.

First, Defendant did not willfully file its answer to Plaintiff's amended complaint nineteen (19) days late.  On the contrary, Defendant did so inadvertently. The Court issued its order on Defendant's motion to dismiss on May 3, 2012, thereby triggering the fourteen (14) day period, under rule 12(a)(4)(A), for Defendant to file an answer, and rendering this answer due on May 17, 2012.  Upon noting this due date on his calendar, Defendant's counsel inadvertently marked June 17, 2012, rather than May 17, 2012, as the due date. (Zarin Dec., ¶¶2-3)  Upon reviewing the file for this matter in preparation for a status conference scheduled before Magistrate Judge Ellis for June 12, 2012, Defendant's counsel realized that he had erroneously marked the wrong date on his calendar as the due date for Defendant's answer and immediately filed Defendant's answer on June 11, 2012. (Zarin Dec., ¶4)

Second, for the reasons previously articulated, Plaintiff was in no way prejudiced by Defendant's nineteen (19) day delay in filing its answer.  Indeed, at the time Defendant filed its answer, on June 11, 2012, no discovery deadline had yet been set by the court; the Court had suspended the previously set deadlines when it stayed discovery to adjudicate Defendant's motion to dismiss (D.E. 59).  Plaintiff therefore

was not subject to any Court imposed deadline in conducting discovery when he first viewed Defendant's answer. More importantly, with full knowledge of each and every affirmative defense in Defendant's answer, at the noted status conference before Magistrate Judge Ellis on June 12, 2012, Plaintiff argued *against* Defendant's proposed discovery deadline in an effort to shorten the discovery period. Having done so, Plaintiff is eclipsed from now arguing that he was prejudiced by an inability to take discovery on Defendant's affirmative defenses. Indeed, Plaintiff has had Defendant's answer in his possession since June 11, 2012 and was aware of the majority of Defendant's affirmative defenses at least as early as November 19, 2011, at which time Defendant filed its motion to set aside default.

Finally, Defendant's affirmative defenses are meritorious for all the reasons Defendant articulated in its motion to set aside default (D.E. 49), which the Court granted (D.E. 54). Importantly, as noted above, each of Defendant's core affirmative defenses related to ownership rights in the copyright at issue, fair use and the DMCA, once presented to the Court with supporting evidence on summary judgment and/or at trial, will likely result in dismissal of Plaintiff's copyright infringement claim, the one remaining claim pending against Defendant.

Assuming the Court was to hypothetically deem Defendant's answer untimely and enter a default against Defendant, therefore, the Court would necessarily be required to set aside such a default. Consequently, the Court should decline to strike Defendant's answer to Plaintiff's amended complaint. See e.g. *Youth Alive*, 2011 U.S. LEXIS 113628 at *10-13.

## II.    Conclusion

For all the foregoing reasons, this Court should deny Plaintiff's motion to strike affirmative defenses from Defendant's answer to Plaintiff's amended complaint.

Dated:   October 28, 2012

Scott Zarin, Esq.
Zarin & Associates, P.C.
One Penn Plaza, Suite 4615
New York, NY 10119
Tel:    (212) 580-3131
Fax:    (212) 580-4393
scottzarin@copyrightrademarkcounsel.com

Attorneys for Defendant
Worldstar Hip Hop, Inc.

8

## Certificate of Service

I, Scott Zarin, declare, under penalty of perjury, that on October 28, 2012, I

caused to be served in *Scott v. Worldstarhiphop, Inc.*, S.D.N.Y. Case No. 10-9538, via e-

mail and First Class U.S. Mail:

    (1)    **Defendant's Response To Plaintiff's Motion To Strike Affirmative Defenses;** and

    (2)    **Declaration of Scott Zarin, Esq. In Support of Defendant's Response To Plaintiff's Motion To Strike Affirmative Defenses**

on *pro se* Plaintiff:

    Robert Scott
    127 East 117th Street, Apt. 3E
    New York, NY 10035
    robertscott117@live.com

10/28/12