USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SCOTT,

                Plaintiff,

      -against-

WORLDSTARHIPHOP, INC.,

                Defendant.
-----------------------------------------------------------x

10 Civ. 9538 (PKC) (RLE)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        Plaintiff Robert Scott, proceeding pro se, brought this action against defendant WorldStarHipHop, Inc. ("WorldStar"), for copyright infringement and violation of plaintiff's state-law right of privacy, based on WorldStar's posting on its website, worldstarhiphop.com, a video depicting plaintiff participating in a classroom brawl.[1] WorldStar filed a motion to dismiss both claims. On May 3, 2012, the Court denied WorldStar's motion to dismiss plaintiff's copyright claim, but granted the motion as to plaintiff's privacy claim. 2012 WL 1592229, at *4 (S.D.N.Y. May 3, 2012). On June 11, 2012, WorldStar filed an Answer to plaintiff's amended complaint, asserting eleven affirmative defenses. Plaintiff now moves to strike the Answer's affirmative defenses pursuant to Rules 12(a)(4)(A), 12(f), and 12(h), Fed. R. Civ. P.

DISCUSSION

1. Timeliness of WorldStar's Answer

        Pursuant to 12(a)(4)(A), Fed. R. Civ. P., after the Court denies a motion to dismiss "the responsive pleading must be served within 14 days after notice of the court's

---

[1] Much of the background may be found in two of the Court's prior opinions in this action, found at 2011 WL 5082410 (S.D.N.Y. Oct. 25, 2011) and 2012 WL 1592229 (S.D.N.Y. May 3, 2012).

action." However, "the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1), Fed. R. Civ. P.

On May 3, 2012, the Court denied in part WorldStar's motion to dismiss, and by operation of Rule 12(a)(4)(A), Fed. R. Civ. P., WorldStar had 14 days to file an Answer. WorldStar instead filed its Answer on June 11, 2012, about three weeks late. WorldStar's attorney, Mr. Zarin, declares that the delay was "purely unintentional and in no way prejudiced Plaintiff in discovery." (Zarin Decl. ¶ 5.) Zarin maintains that when he realized his error, he immediately filed the Answer. (Id. ¶ 4.)

The Court construes plaintiff's Motion to Strike as an initial step in seeking a default judgment against WorldStar. The Second Circuit has stated its preference for district courts to resolve cases on the merits. E.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993) (reviewing an entry of default judgment). Here, the delay did not cause significant prejudice to plaintiff. Moreover, WorldStar has set forth certain affirmative defenses, which, upon review, plausibly may have merit. Accordingly, the Court will allow WorldStar's belated Answer to stand.

2. Waiver of Affirmative Defenses Pursuant to Rule 12(h)

Plaintiff also argues that WorldStar has waived its affirmative defenses pursuant to Rule 12(h), Fed. R. Civ. P. The Rule provides that "a party waives any defense listed in Rule 12(b)(2)-(5)" when it omits such defense from an earlier motion. Rule 12(g)-(h), Fed. R. Civ. P.

WorldStar's Answer asserts eleven affirmative defenses, only one of which, lack of personal jurisdiction, is listed in Rule 12(b)(2)-(5). Rule 12(h) only applies to WorldStar's

2

defense that this Court lacks personal jurisdiction, and thus, WorldStar acknowledges that Rule 12(h) precludes it from now asserting that defense. "To the extent that [p]laintiff requests the Court to strike [WorldStar's] lack of personal jurisdiction affirmative defense, [WorldStar] abandons this defense and does not object to the striking of this singular defense." (Docket No. 79 at 2.) Pursuant to Rule 12(h)(1), the defense of lack of personal jurisdiction is stricken.

3. Remaining Affirmative Defenses

Plaintiff also moves to strike WorldStar's affirmative defenses pursuant to Rule 12(f), Fed. R. Civ. P. The Rule provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion. Rule 12(f), Fed. R. Civ. P. The Second Circuit has instructed that "the courts should not tamper with the pleadings unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). "A motion to strike an affirmative defense under Rule 12(f), Fed. R. Civ. P. for legal insufficiency is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds by, 478 U.S. 1015 (1986) (quoting Durham Indus., Inc. v. N. River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979)).

WorldStar's remaining affirmative defenses include 1) that the Amended Complaint fails to state a claim upon which relief can be granted; 2) that plaintiff lacks standing; 3) that plaintiff lacks ownership rights in the video at issue; 4) that plaintiff lacks the prerequisite registration from the Copyright Office; that plaintiff's claim is barred by: 5) the Digital

Millennium Copyright Act ("DMCA"); 6) the doctrine of fair use; 7) estoppel; 8) waiver; 9) acquiescence; and 10) unclean hands. (Def. Answer at 12-13.)

Plaintiff's Affirmation in Support of Motion to Strike provides no explanation as to why defendants will not prevail in these defenses. WorldStar asserts that its affirmative defenses "implicate legal and factual questions for the Court and fact-finder to decide." (Docket 79 at 4.) Indeed, this Court rejected WorldStar's motion to dismiss plaintiff's copyright claim because the motion's two affirmative defenses, a non-exclusive license agreement and the safe-harbor provisions of the DMCA, required additional findings of fact. (Docket No. 69 at 3-5.) WorldStar argues that each of its "core affirmative defenses" will likely result in dismissal "once presented to the Court with supporting evidence on summary judgment and/ or at trial." (Docket 79 at 7.)

Plaintiff further asserts that WorldStar did not plead "any facts that form the basis for these defenses." (Docket No. 75 ¶ 6.) A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Since the Supreme Court's Twombly and Iqbal decisions, district courts have disputed whether this "plausibility standard" applies to affirmative defenses as well. E.g., compare Godson v. Eltman, Eltman, & Cooper, P.C., 11 Civ. 764S, 2012 WL 3964750, at *2-*4 (W.D.N.Y. Sept. 11, 2012) (considering a motion to strike "under a standard that requires Defendants to do more than simply name the asserted defense"), with Tyco Fire Products LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("Twombly and Iqbal do not apply to affirmative defenses.").

While the Second Circuit has not directly addressed this issue, at least one district court in this circuit has relied on Shechter v. Comptroller of New York, 79 F.3d 265 (2d Cir.

4

1996), to strike an affirmative defense that was not supported by factual allegations. Aspex Eyewear, Inc. v. Clariti Eyewear, Inc., 531 F. Supp. 2d 620, 622-23 (S.D.N.Y. 2008). In Shechter, the Second Circuit held the defendant was not entitled to a judgment on the pleadings, noting that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." 79 F.3d at 270 (internal quotation marks omitted). Citing the district court in Aspex, several other courts in this circuit have since applied the "plausibility standard" to affirmative defenses. See, e.g., E.E.O.C. v. Kelley Drye & Warren, LLP, No. 10 Civ. 655, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011); Burck v. Mars, Inc., 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008); but see Aros v. United Rentals, Inc., No. 10 Civ. 73, 2011 WL 5238829, at *2-*3 (D. Conn. Oct. 31, 2011) (rejecting Aspex). However, Shechter was decided well before Twombly and Iqbal. Moreover, as this Court noted in Wireless Ink Corp. v. Facebook Inc., 787 F. Supp. 2d 298, 314 n.5 (S.D.N.Y. 2011), Shechter considered a motion for judgment on the pleadings and did not address the standard for striking an affirmative defense under Rule 12(f), Fed. R. Civ. P.

Rather, this Court finds persuasive the textual argument advanced by several district courts that have considered the issue. Rule 8(a)(2), Fed. R. Civ. P., which governs pleadings that state claims, requires that pleadings "show" the pleader's entitlement to relief. By contrast, Rule 8(c)(1), Fed. R. Civ. P., which governs pleading affirmative defenses, only requires a party to "state" the defense. Based on the different pleading standards articulated in the Federal Rules, it is not obvious that the Supreme Court in Twombly and Iqbal intended to heighten pleading standards for affirmative defenses as well.

On the face of the pleadings, the remaining ten affirmative defenses are not insufficient. WorldStar has "stated" its affirmative defenses in accordance with Rule 8(c), Fed.

5

R. Civ. P. Accordingly, plaintiff has failed to meet the high standard governing a motion to strike.

## CONCLUSION

Plaintiff's Motion to Strike (Docket No. 75) WorldStar's affirmative defenses is GRANTED as to WorldStar's second affirmative defense, this Court's lack of personal jurisdiction. Plaintiff's Motion to Strike WorldStar's remaining affirmative defenses is DENIED. Defendant's counsel should provide plaintiff with copies of all unreported opinions cited herein.

SO ORDERED.

                                              P. Kevin Castel
                                              United States District Judge

Dated: New York, New York
       November 13, 2012